Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| JAIME MARTÍ LLERA<br><br>*Recurrente*<br><br><br>v.<br><br><br>NEGOCIADO DE RECAUDACIONES<br><br>*Recurrido* | KLRA202300488 | Revisión Administrativa procedente del Departamento de Hacienda, Secretaría de Procedimiento Adjudicativo<br><br>Caso Núm.:<br>2022-P-037<br><br>Sobre:<br>Denegatoria de Solicitud de Prescripción de Deuda de Contribución Sobre Ingresos, Periodo Contributivo: 2013 |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de octubre de 2023.

Comparece el señor Jaime Martí Llera (señor Martí Llera o recurrente) mediante *Recurso de Revisión Administrativa* y nos solicita la revisión de la *Resolución* emitida y notificada el 10 de julio de 2023 por la Secretaría de Procedimiento Adjudicativo del Departamento de Hacienda (Secretaría). Mediante dicha determinación, se declaró No Ha Lugar una *Solicitud de Resolución Sumaria* presentada por el recurrente.

Por los fundamentos que expondremos a continuación, **desestimamos** el *Recurso de Revisión Administrativa* por falta de jurisdicción, por prematuro.

**I.**

El asunto ante nuestra consideración tiene su génesis el 15 de octubre de 2014, cuando el señor Martí Llera presentó su planilla de contribución sobre ingresos de individuos correspondiente al año 2013. Varios años más tarde, el 2 de julio de 2021, el recurrente

Número Identificador
SEN2023 _____

recibió un Aviso de Cobro[1] a través del Sistema Unificado de Rentas Internas (SURI), del Departamento de Hacienda, relacionado al año contributivo de 2013. En esencia, el aviso disponía que el señor Martí Llera adeudaba un total de $212,892.40, incluyendo principal, intereses y cargos, calculados hasta dicha fecha.

El 5 de noviembre de 2021, el señor Martí Llera presentó una *Solicitud de Prescripción de Deuda Contributiva*[2] mediante el Modelo SC 3532, ante el Negociado de Recaudaciones del Departamento de Hacienda (Negociado o parte recurrida). En la misma, solicitó que se eliminara la alegada deuda, puesto que ya había transcurrido el término prescriptivo de cuatro (4) años que dispone el Código de Rentas Internas para llevar a cabo la tasación contributiva[3]. Adujo que nunca recibió notificación de deficiencia, error matemático o ajuste de planilla que le informara sobre la naturaleza de la deuda reclamada. Sostuvo que, toda vez que no se llevó a cabo ninguna acción durante dicho periodo, la deuda estaba prescrita.

Atendida la solicitud, el 24 de febrero de 2022, el Negociado remitió una misiva[4] al recurrente, en la que expresó que la deuda era exigible ya que no habían transcurrido siete (7) años desde la fecha de la tasación, según dispone el Código de Rentas Internas.[5]

---

[1] Apéndice del *Recurso de Revisión Administrativa*, págs. 4-5.

[2] *Íd.*, págs. 6-13.

[3] La disposición a la que hizo referencia el señor Martí Llera, lee como sigue:
   (a) *Regla General.*
      (1) Excepto según dispuesto en la Sección 6010.06, el monto de las contribuciones o impuestos establecidos por cualquier Subtítulo de este Código será tasado dentro de cuatro (4) años después de haberse rendido la planilla o declaración, y ningún procedimiento en corte sin tasación para el cobro de dichas contribuciones será comenzado después de la expiración de dicho período. En el caso de un contribuyente que enmiende su planilla dentro de los ciento ochenta y tres (183) días antes de la expiración del periodo de prescripción para la tasación de la contribución, el Secretario tendrá dos (2) años desde que recibe la planilla o declaración enmendada para tasar contribuciones o impuestos adicionales.
      (2) . . . 13 LPRA § 33005.

[4] Apéndice del *Recurso de Revisión Administrativa*, pág. 16. Se hace constar que la carta fue recibida por la representación legal del señor Martí Llera el 28 de febrero de 2022.

[5] En lo pertinente, el Código de Rentas Internas dispone lo siguiente:
   [. . .]
   (d) *Cobro Después de la Tasación.*
      (1) Cuando la tasación de cualquier contribución impuesta por este Código, incluyendo las contribuciones retenidas, hubiere sido hecha dentro del período de prescripción propiamente aplicable a la misma,

En su carta, el Negociado anejó una tabla en la que indicaba que la tasación había sido realizada el 5 de octubre de 2017. Además, se advertía al señor Martí Llera que, de estar en desacuerdo con la determinación, podía radicar una querella ante la Secretaría dentro de los treinta (30) días siguientes a la notificación de la carta.

Cabe destacar que, previo a que el Negociado atendiera la solicitud del recurrente, el 2 de diciembre de 2021, el señor Martí Llera recibió un Aviso Final[6] de deuda a través de SURI, en el que nuevamente, el Departamento de Hacienda reclamó la deuda referente al año contributivo 2013. En dicha ocasión, la misma ascendía a $217,795.14.

Así las cosas, el 28 de marzo de 2022, el señor Martí Llera presentó una *Querella*[7] ante el Negociado. Por medio de esta, reiteró que nunca fue notificado de deficiencia o error matemático relacionado a la planilla de contribución sobre ingresos de individuos para el año 2013. Sostuvo que no fue hasta que recibió el aviso de deuda el 2 de julio de 2021, a través de SURI, que tuvo conocimiento sobre la misma. Añadió que conforme a la Sección 6010.02(a)(1)(A) del Código de Rentas Internas[8], la notificación de deficiencia debía ser enviada por correo certificado, puesto que la planilla de contribución sobre ingresos de individuos correspondiente al año 2013 había sido radicada en papel y no por

---

dicha contribución podrá ser cobrada mediante procedimiento de apremio o mediante procedimiento en corte siempre que se comiencen,
   (A) dentro de siete (7) años después de la tasación de la contribución, o
   (B) con anterioridad a la expiración de cualquier período para el cobro que se acuerde por escrito antes de cualquier período de siete (7) años entre el Secretario y el contribuyente.
   (2) . . . 13 LPRA § 33006.

[6] Apéndice del *Recurso de Revisión Administrativa*, págs. 14-15.
[7] *Íd.*, págs. 17-34.
[8] La aludida sección Establece lo siguiente:
 (a) *Notificación o Deficiencia y Recursos del Contribuyente.*
  (1) Reconsideración y Vista Administrativa.
  (A) Si en el caso de cualquier contribuyente el Secretario determinare que existe una deficiencia con respecto a la contribución impuesta por cualquier Subtítulo del Código, el Secretario notificará al contribuyente dicha deficiencia por correo certificado. No obstante, en el caso de planillas, declaraciones o formularios cuya radicación sea por medios electrónicos, la notificación de deficiencia podrá ser enviada por medios electrónicos, sin la necesidad del envío de notificación por correo certificado. 13 LPRA § 33002.

medios electrónicos. Asimismo, sostuvo que cualquier notificación de error matemático debía mínimamente contener una explicación de la naturaleza del mismo. Finalmente, solicitó la celebración de una vista administrativa.

El Negociado presentó *Contestación a la Querella*[9] el 18 de julio de 2022[10]. En esencia, insistió en que la deuda era exigible puesto que no habían transcurrido siete (7) años desde la fecha de la tasación.

El 12 de septiembre de 2022, el recurrente presentó *Réplica*[11], mediante la cual sostuvo que el Negociado ignoró el problema de la notificación. Manifestó que la parte recurrida no aclaró si había llevado a cabo una tasación de deficiencia o, por el contrario, una tasación sobre un error matemático. Sobre lo mismo, insistió en que nunca fue notificado de dicha tasación, lo que convertía la misma en ilegal e inoficiosa, y a su vez, inconstitucional.

El 30 de marzo de 2023, la Secretaría intimó *Orden*[12], disponiendo lo siguiente:

> Según determinado en conferencia, celebrada el 29 de marzo de 2023, se ordena al Negociado de Recaudaciones (Negociado) lo siguiente:
> - que especifique claramente el tipo de tasación por la cual se negó la solicitud de prescripción.
> - que identifique el Negociado del Departamento de Hacienda que trabajó la tasación para que forme parte de su equipo de trabajo.
> - que suplemente la Contestación a la Querella con información relacionada a la controversia sobre la notificación de dicha tasación.
> - que someta información relacionada a la notificación de la tasación como dirección a la que fue enviada, u otra información pertinente.
>
> A estos efectos se le concede al Negociado 15 días laborables contado desde la notificación de esta Orden.
>
> [. . .]13

---

[9] Apéndice del *Recurso de Revisión Administrativa*, págs. 35-37.
[10] Precisa señalar que, el 2 de junio de 2022, el señor Martí Llera solicitó la anotación de rebeldía, puesto que el Negociado no había contestado la querella. Luego de conceder un término perentorio de quince (15) días para que se presentara la contestación correspondiente, sin que se cumpliera con ello, la Secretaría le anotó la rebeldía al Negociado el 12 de julio de 2022. Posteriormente, el 3 de marzo de 2023, la misma fue levantada.
[11] Apéndice del *Recurso de Revisión Administrativa*, págs. 38-41.
[12] *Íd.*, pág. 42.
[13] *Íd.*

Transcurridos los quince (15) días sin que el Negociado se expresara, el 25 de abril de 2023, el señor Martí Llera presentó *Solicitud de Anotación de Rebeldía*[14]. La misma fue declarada No Ha Lugar al próximo día, entiéndase el 26 de abril de 2023[15].

En desacuerdo, el 28 de abril de 2023, el recurrente presentó *Solicitud de reconsideración a la orden de 26 de abril de 2023*[16]. En esta misma fecha, el Negociado presentó *Moción Solicitud de Tiempo Adicional*[17]. Evaluados los escritos de las partes, la Secretaría emitió *Orden*[18] el 4 de mayo de 2023. En virtud de esta, declaró Ha Lugar la reconsideración presentada por el señor Martí Llera y, No Ha Lugar la solicitud de tiempo adicional del Negociado. Consecuentemente, declaró a este último en rebeldía y eliminó las alegaciones presentadas por el mismo. De otro lado, señaló vista administrativa para el 7 de junio de 2023.

Posteriormente, el 1 de junio de 2023, el recurrente presentó una *Solicitud de Resolución Sumaria*[19], en la que reiteró una vez más que no fue notificado de la tasación de deuda correspondiente al año contributivo de 2013, por lo que la deuda estaba prescrita. La Secretaría dictó *Orden*[20], en la que dispuso que la misma se atendería en la vista pautada para el 7 de junio de 2023.

Conforme surge del expediente ante nos, la vista se celebró en la fecha pautada, y la *Solicitud de Resolución Sumaria* quedó sometida[21].

Así las cosas, el 10 de julio de 2023, la Secretaría emitió la *Resolución*[22] recurrida, declarando No Ha Lugar la aludida solicitud. En esencia, la Secretaría dispuso que la *Solicitud de Prescripción de*

---

[14] *Íd.*, págs. 43-44.
[15] Apéndice del *Escrito en Cumplimiento de Orden*, pág. 6.
[16] *Íd.*, págs. 7-8.
[17] *Íd.*, pág. 9.
[18] Apéndice del *Recurso de Revisión Administrativa*, pág. 45.
[19] *Íd.*, págs. 47-58.
[20] *Íd.*, pág. 88.
[21] Apéndice del *Recurso de Revisión Administrativa*, pág. 91. Destacamos que del expediente no se desprende transcripción o minuta referente a la vista.
[22] Apéndice del *Recurso de Revisión Administrativa,* págs. 90-99.

*Deuda Contributiva*, realizada a través del documento Modelo SC 3532, se utilizaba de manera exclusiva para reclamar la prescripción del cobro de una deuda tasada, y no para impugnar una tasación. A esos efectos, razonó que no tenía jurisdicción para entrar en los méritos de la alegación sobre la tasación. En particular, dispuso lo siguiente:

> Esta Secretaría tiene, ante sí, una controversia que gira en torno a la prescripción del cobro de una deuda contributiva, pero, no tiene jurisdicción para entrar en los méritos de la alegación relacionada a la tasación de la deuda. El Querellante tuvo su oportunidad para impugnar la deuda contributiva, según le fuera notificado en el *Aviso de Cobro* del 2 de julio de 2021 y las *Certificaciones de Deuda* que mencionó en el Modelo SC 3532 y en la Querella. Por esta razón, no puede utilizar el mecanismo de solicitar la prescripción de una deuda que no reconoce como válida para impugnar su legitimidad porque no le corresponde esto al Negociado de Recaudaciones que sólo tramita asuntos de cobro de deudas morosas, sino [al Negociado de Servicio al Contribuyente (SAC)], quien está facultado para atender todo tipo de reclamos sobre las planillas de contribución sobre ingresos, lo cual, indudablemente incluye reclamos sobre la legalidad de las contribuciones impuestas. (Énfasis en el original)[23].

De conformidad a ello, la Secretaría razonó que sólo tenía jurisdicción para pronunciarse sobre si la determinación del Negociado, referente a la *Solicitud de Prescripción de Deuda Contributiva*, era correcta. La Secretaría resolvió en la afirmativa. Es decir, avaló la decisión del Negociado, en tanto coincidió con que la deuda era exigible puesto que no había transcurrido el periodo de siete (7) años para que se llevaran a cabo gestiones de cobro.

Es menester señalar que, en su *Resolución*, la Secretaría expresó que el señor Martí Llera podía presentar su alegación sobre la falta de notificación de la tasación ante el Negociado de Servicio al Contribuyente (SAC) en cualquier momento. Añadió, además, que la determinación final del SAC podía ser revisada por dicho foro, de así requerirse[24].

---

[23] *Íd.*, pág. 97.
[24] *Íd.*

Inconforme, el 31 de julio de 2023, el recurrente presentó una *Solicitud de Reconsideración*[25]. En esencia, sostuvo que no existía disposición legal alguna que sugiriera la jurisdicción exclusiva del SAC para atender su reclamo. Arguyó que, desde un inicio, el Negociado debió haber planteado la obligación de presentar la solicitud de prescripción ante el SAC. Además, insistió una vez más en que la deuda estaba prescrita, toda vez que no hubo una notificación de la supuesta tasación realizada. La Secretaría no actuó dentro del término de quince (15) días de presentada la solicitud de reconsideración; dicho término expiró el 15 de agosto de 2023.

El 14 de septiembre de 2023, el señor Martí Llera acudió ante nos mediante *Recurso de Revisión Administrativa*, en el que señaló como único error el siguiente:

> Erró el Departamento de Hacienda al no reconocer la falta de notificación de una tasación de deuda correspondiente al año 2013, no declarar prescrita cualquier alegada deuda correspondiente al año 2013 y no eliminar de sus récords cualquier alegada deuda correspondiente al año 2013.

El 16 de octubre de 2023, la parte recurrida compareció mediante *Escrito en Cumplimiento de Orden*. Así, con el beneficio de la comparecencia de las partes, procedemos a exponer la normativa jurídica aplicable a la controversia.

## II.

### -A-

Los tribunales debemos ser celosos guardianes de nuestra jurisdicción, estando obligados a considerarla aun en ausencia de algún señalamiento al respecto de las partes. La razón para ello es que la jurisdicción delimita la potestad o facultad que los tribunales poseemos para atender una controversia ante nuestra consideración. Tal asunto debe ser resuelto con preferencia porque de carecer de jurisdicción para atenderlo, lo único que corresponde

---

[25] *Íd.*, págs. 100-103.

hacer es así manifestarlo[26]. El no tener la potestad para atender un asunto no puede ser corregido ni atribuido por el tribunal[27].

En aquellas instancias en las que un ente adjudicador dicta una sentencia sin ostentar jurisdicción en la persona o en la materia, su determinación es "jurídicamente inexistente"[28]. De ahí que, cuando un foro adjudica un recurso sobre el cual carece de jurisdicción para entender en este, ello constituye una actuación ilegítima, disponiéndose que cuando la ley expresamente proscribe asumir jurisdicción, no existe una interpretación contraria[29].

Un tribunal carece de jurisdicción para adjudicar una controversia cuando se presenta un recurso de forma prematura. Un recurso prematuro es aquel presentado en la secretaría de un tribunal antes de que el asunto esté listo para su adjudicación. De tal forma, **un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado**[30]. (Énfasis nuestro). Su presentación carece de falta de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación un foro apelativo no tiene autoridad judicial para acogerlo; menos para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa[31].

Como corolario de lo antes expuesto, el Reglamento del Tribunal de Apelaciones dispone en la Regla 83, 4 LPRA XXII-B, lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
> (...)
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

---

[26] *Constructora Estelar, S.E. v. Aut. Edificios Públicos*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007).

[27] *Constructora Estelar, S.E. v. Aut. Edificios Públicos, supra.*

[28] *Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007).

[29] *Íd.,* pág. 55.

[30] *Padilla Falú v. A.V.P.*, 155 DPR 183, 192 (2001); *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000).

[31] *Julia Padró et al v. Epifanio Vidal, S. E.*, 153 DPR 357, 366 (2001).

**III.**

Como cuestión de umbral, es menester analizar los aspectos jurisdiccionales relacionados a la controversia que nos ocupa. Esto, ya que como reseñamos, los tribunales tenemos la indelegable labor de auscultar nuestra propia jurisdicción, incluso cuando ello no se nos haya planteado.

En su recurso, el señor Martí Llera aduce que el Departamento de Hacienda incidió al no reconocer que la tasación de la deuda no fue notificada y, consecuentemente, al no declarar la deuda prescrita, ni eliminarla de sus récords. Luego de examinar con detenimiento las posiciones de las partes y los documentos que obran del expediente, concluimos que el recurso de epígrafe es prematuro, por lo que carecemos de jurisdicción para intervenir y dirimir la controversia presentada ante nos. Veamos.

El recurrente presentó una *Solicitud de Prescripción de Deuda Contributiva* mediante el Modelo SC 3532 ante el Negociado de Recaudaciones del Departamento de Hacienda. Mediante la aludida solicitud, y durante otros varios escritos que presentó en el transcurso, el señor Martí Llera sostuvo que la deuda estaba prescrita, puesto que nunca recibió notificación alguna sobre tasación de la misma. En otras palabras, el recurrente insistentemente argumentó que nunca se le notificó la alegada tasación de la deuda contributiva correspondiente al año 2013.

Ahora bien, en su *Resolución*, la Secretaría fue puntual a los efectos de explicar que el Negociado únicamente atiende asuntos de cobro, y la imposición de tasación es una etapa previa a dichos asuntos. Así pues, la Secretaría expresó que cualquier reclamo relacionado a la impugnación de una tasación debe presentarse ante el SAC y no ante el Negociado.

Del expediente ante nuestra consideración no surge que el señor Martí Llera haya presentado petición alguna ante el SAC

referente al asunto. De modo que, la cuestión relacionada a la falta de notificación, y que el señor Martí Llera trae ante nuestra consideración, **no ha sido atendida** por la agencia recurrida. Consecuentemente, la ausencia de una determinación al respecto convierte en prematuro el presente recurso.

Conforme al precitado derecho, tanto el recurso prematuro, como el recurso tardío, "adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado"[32]. Toda vez que el asunto de la falta de notificación de la tasación no ha sido presentado ante el SAC, nos encontramos forzados a desestimar el recurso de epígrafe por prematuro, lo que nos priva de jurisdicción para actuar sobre los méritos del error señalado.

Acogemos la sugerencia presentada por la Oficina del Procurador General y ordenamos la devolución del caso de autos al Departamento de Hacienda para que el reclamo del recurrente sea atendido por el Negociado de Servicio al Contribuyente (SAC) de forma expedita, esto, una vez el señor Martí Llera presente su reclamo ante la SAC.

**IV.**

Por los fundamentos antes expuestos, **desestimamos** el *Recurso de Revisión Administrativa*, por falta de jurisdicción, por prematuro.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[32] *Padilla Falú v. A.V.P.*, *supra*; *Rodríguez v. Zegarra*, *supra*.