| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL VIII | | |
| JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrida<br><br>Vs.<br><br>CARLOS L CÁCERES PIZARRO<br><br>Recurrente | KLRA202400063 | *REVISIÓN ADMINISTRATIVA* procedente de la Junta de Libertad Bajo Palabra<br><br>Querella: 21-071<br><br>Núm. de Confinado: 1-60403 |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de febrero de 2024.

I.

El 5 de febrero de 2024, compareció ante nos, por derecho propio, el Sr. Carlos L. Cáceres Pizarro (señor Cáceres Pizarro o recurrente) quien se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación, a través de un recurso de revisión judicial. Mediante el aludido recurso, nos informa que el 26 de enero de 2024 hizo cinco solicitudes, igualmente por derecho propio a la Junta de Libertad Bajo Palabra las cuales citamos a continuación: 1) Que la Hon. Junta de Libertad Bajo Palabra acoja y reciba estas hojas de Sentencia aquí sometidas 2) Que la Hon. Junta de Libertad Bajo Palabra conceda ya la libertad al Sr. Carlos L. Cáceres Pizarro a la mayor brevedad posible a la Fundación U.P.E.N.S. de forma inmediata 3) Que suplica que la vista de consideración sea presencial en las oficinas de la propia Junta de Libertad Bajo Palabra y que se asigne Defensor Público por la Junta de Libertad Bajo Palabra 4) Que la Hon. Junta de Libertad Bajo Palabra remita

carta indicando que recibieron esta comunicación (Moción) y 5) Que el recurrente cuenta con su plan completo, bien estructurado.

Como parte de su apéndice del recurso, el recurrente únicamente se limitó a presentar cuatro documentos, entre ellos, dos Hojas de Control sobre Liquidación de Sentencias en manuscrito y transcrita del 18 de diciembre de 2023 emitida por el Departamento de Corrección y Rehabilitación, la citación para vista ante la JLBP el 26 de febrero de 2024 y una Carta de Aceptación firmada por la Sra. Kiara Y. Rodríguez González, supervisora personal clínico del 26 de julio de 2022. **El recurrente no sometió el dictamen final emitido por la JLBP adjudicando sus peticiones.**

Por los fundamentos que expondremos a continuación, **desestimamos** el recurso de epígrafe por falta de jurisdicción. A la luz de lo aquí resuelto, prescindimos de la comparecencia de la Oficina del Procurador General.

II.

**A.** *Jurisdicción*

La jurisdicción es el poder o autoridad que ostenta un tribunal para resolver los casos y las controversias que tiene ante sí.[1] Reiteradamente, se ha expresado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción y no tenemos discreción para asumir jurisdicción donde no la hay.[2] De igual manera, es conocido que la ausencia de jurisdicción no puede ser subsanada por las partes.[3] Por consiguiente, las cuestiones relacionadas a la jurisdicción de un tribunal son privilegiadas y deben atenderse y resolverse con preferencia a cualquier otra.[4] Cuando un tribunal

---

[1] *Cobra Acquisitions, LLC v. Municipio de Yabucoa y otros,* 210 DPR 384, 394 (2022); *Pueblo v. Ríos Nieves,* 209 DPR 264, 273 (2022).
[2] *Pueblo v. Ríos Nieves, supra.*
[3] *Pueblo v. Ríos Nieves, supra; Pérez Soto v. Cantera Pérez, Inc., et al.,* 188 DPR 98, 105 (2013).
[4] *Id.*

emite una sentencia sin tener jurisdicción sobre las partes o la materia, su dictamen es uno inexistente o *ultravires*.[5] Por ello, al carecer de jurisdicción o autoridad para considerar un recurso, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia.[6]

**B. *Revisión Judicial***

El Artículo 4.006 (c) de la Ley Núm. 201-2003, según enmendada, conocida como la "Ley de la Judicatura de 2003", dispone que mediante el recurso de revisión judicial el Tribunal de Apelaciones acogerá, como cuestión de derecho, "las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas".[7]

Por su parte, la Sección 4.6 de la Ley Núm. 38-2017, según enmendada, conocida como la "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico" (en adelante, la "LPAU")[8], establece, en lo pertinente, lo siguiente:

> **El Tribunal de Apelaciones revisará como cuestión de derecho las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas**. La mera presentación del recurso no paralizará el trámite en el organismo o agencia administrativa, a menos que el Tribunal así lo determine.
> El procedimiento a seguir para los recursos de revisión será de acuerdo con lo establecido en el Reglamento del Tribunal de Apelaciones aprobado por el Tribunal Supremo.
>
> [...]
>
> (Énfasis Nuestro).

Pertinente al caso ante nos, la LPAU define una orden o resolución como "cualquier decisión o acción agencial de aplicación

---

[5] *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007).
[6] *Romero Barceló v. E.L.A.*, 169 DPR 460, 470 (2006); *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 370 (2003).
[7] Art. 4.006(c) de la Ley de la Judicatura de 2003, Ley Núm. 201-2003, 4 LPRA § 24y.
[8] Sección 4.6 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA § 9676.

particular que adjudique derechos u obligaciones de una o más personas específicas, o que imponga penalidades o sanciones administrativas excluyendo órdenes ejecutivas emitidas por el Gobernador".[9] Asimismo, la LPAU define la adjudicación como "el pronunciamiento mediante el cual una agencia determina los derechos, obligaciones o privilegios que correspondan a una parte".[10]

Por último, la Regla 57 del Reglamento del Tribunal de Apelaciones[11] establece la instancia en la cual se debe presentar un recurso de revisión judicial ante este foro apelativo. Dicha regla dispone lo siguiente:

> El escrito inicial de revisión deberá ser presentado dentro del término jurisdiccional de treinta días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia. Si la fecha del archivo en autos de copia de la notificación de la resolución u orden es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo. 4 LPRA Ap. XXII-B, R. 57.

(Énfasis Nuestro).

Cónsono con lo anterior, es altamente conocido que la revisión judicial se presentará una vez la agencia administrativa haya emitido una determinación final, sea mediante orden o resolución. Nuestro Tribunal Supremo ha definido la orden o resolución final como "aquella que pone fin a todas las controversias dilucidadas ante la agencia y cuyo efecto es sustancial sobre las partes".[12] Los tribunales, a su discreción, se abstendrán de evaluar la actuación de la agencia hasta tanto la

---

[9] Sección 1.3(g) de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, *supra*, 3 LPRA § 9603(g).
[10] Sección 1.3(b) de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, *supra*, 3 LPRA § 9603(b).
[11] 4 LPRA Ap. XXII-B, R. 57.
[12] *ARPe v. Coordinadora,* 165 DPR 850, 867 (2005); *Tosado v. AEE,* 165 DPR 377, 385 (2005); *Padilla Falú v. AVP,* 155 DPR 183, 189-190 (2001).

persona o junta que dirija dicha entidad resuelva, en su totalidad, la cuestión litigiosa.[13]

Tal proceder obedece a la necesidad de permitir que la agencia especializada culmine todo proceso, evitando así una intromisión indebida y a destiempo, lo cual, a su vez, permite que cuando el foro revisor reciba el recurso, tenga un expediente completo.[14]

### III.

En el presente recurso, a pesar de que el recurrente no formuló señalamientos de error, entendemos que el señor Cáceres Pizarro nos solicitó que revisáramos las acciones tomadas por la JLBP en cuanto a los cinco remedios solicitados el 26 de enero de 2024, de cara a la vista que se llevará a cabo el próximo, 26 de febrero de 2024.

Luego de un estudio detenido del expediente, nos resulta evidente que en el presente caso no existe una determinación final de la JLBP, pues está pendiente ante dicha agencia la vista en sus méritos para evaluar lo solicitado por el recurrente y emitir un dictamen que pueda ser revisable ante este Tribunal.

En síntesis, no hay una acción administrativa revisable bajo la Sección 4.6 de la LPAU. Así pues, no hay una determinación de la cual podamos adquirir jurisdicción y que permita ejercer nuestra función revisora.

En ausencia de una determinación final de la JLBP, nos resulta forzoso concluir que este Tribunal carece de jurisdicción, por lo que sólo resta declararlo así y desestimar la presente reclamación, sin adjudicar en los méritos la alegada controversia. Una determinación por este foro revisor sin jurisdicción sería *ultra vires*.

---

[13] *ARPe v. Coordinadora, supra*; *Padilla Falú v. AVP, supra*, pág. 191.
[14] *Comisionado de Seguros v. Universal,* 167 DPR 21, 29 (2006).

IV.

Por los fundamentos antes expresados, los cuales hacemos formar parte de esta Sentencia, se desestima el recurso de revisión judicial por falta de jurisdicción

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones