MADELINE PADILLA FALÚ, ELIZA RÍOS RODRÍGUEZ, NORMA IRIS SANTIAGO RUBERT, CRUZ MARÍA TORRES LABOY y LUZ DIVINA NEGRÓN RUBIO, peticionarias la segunda, tercera y quinta, *v.* ADMINISTRACIÓN DE VIVIENDA PÚBLICA DE PUERTO RICO p/c J.A. MACHUCA AND ASSOCCIATES, INC., recurrida.

*Números:* CC-2000-555  CC-2000-556  CC-2000-557

*Resueltos:* 26 de septiembre de 2001

*Marta Díaz Pietri* y *Nívea del C. Rodríguez Santiago*, de *Servicios Legales de Puerto Rico, Inc.*, abogadas de la parte recurrente; *Diana M. Batlle Barasorda, Clotilde Rexach Benítez* y *José E. González Borgos*, de *Fiddler, González & Rodríguez, LLP*, abogados de la parte recurrida.

EL JUEZ ASOCIADO SEÑOR CORRADA DEL RÍO emitió la opinión del Tribunal.

## I

Las demandantes de epígrafe son arrendatarias de la Administración de Vivienda Pública (en adelante Vivienda) en residenciales privatizados acogidos a los beneficios de fondos federales. Las demandantes suscribieron unos contratos de arrendamiento con Vivienda. J.A. Machuca & Associates, Inc., compañía encargada de administrar y dar mantenimiento a residenciales públicos, representó a Vivienda en el otorgamiento de tales contratos. Éstos luego fueron enmendados unilateralmente para incorporar los cambios que surgieron en virtud de la aprobación por el Congreso de Estados Unidos de la ley que establece el concepto de *One Strike and You're Out* como política pública. 42 U.S.C. sec. 1437(d)(l)(6).([1])

---

([1]) Con respecto a las obligaciones del arrendatario, se enmendó el inciso (C) de la 8va condición del contrato para disponer que:

"[u]sará la vivienda exclusivamente como su domicilio privado para el [sic] y los miembros del grupo familiar identificados en el contrato y no usará o permitirá que ningún miembro del grupo familiar o huésped las use para:

"C. Actividades criminales cometidas dentro de la demarcación territorial de Puerto Rico y los Estados Unidos relacionados [sic] a la venta de drogas, narcóticos, armas y los juegos prohibidos. El término "Actividad Criminal relacionada con drogas" significa la manufactura, fabricación, venta, distribución, transportación, manejo, uso o posesión ilegal con intención de fabricar, usar, vender, distribuir, transportar o usar sustancias controladas de manera ilegal. Esta conducta, junto a la participación, cooperación o encubrimiento de la actividad criminal violenta en unidades o proyectos de vivienda pública en Puerto Rico o cualquier estado o territorio

Como consecuencia de la referida enmienda a los contratos de varios vecinos de los residenciales, han surgido los casos siguientes:

A. El 16 de marzo de 1994, Eliza Ríos Rodríguez contrató con Vivienda el arrendamiento de un apartamento ubicado en el residencial Arístides Chavier en Ponce, Puerto Rico. El 27 de mayo de 1997 se enmendó el contrato para incluir la cláusula antes citada. El 18 de agosto de 1999, la Policía de Puerto Rico arrestó a uno de los miembros del grupo familiar de la señora Ríos Rodríguez, por la alegada comisión del delito de robo. 33 L.P.R.A. sec. 4279. Por lo tanto, el 1ro de noviembre de 1999, J.A. Machuca & Associates, Inc. le notificó por escrito a la señora Ríos Rodríguez la terminación de su contrato, efectivo el 30 de ese mes. Le informó, además, su derecho a solicitar una vista administrativa, la cual se celebró el 21 de diciembre de 1999. El 30 de diciembre de 1999, el Sr. Winston Laboy Milán —Oficial Examinador— emitió una resolución administrativa en la que decretaba que procedía la cancelación de dicho contrato.[2] Inconforme, la señora Ríos Rodríguez recurrió ante el Tribunal de Circuito de Apelaciones.

---

de los Estados Unidos; será motivo para la cancelación unilateral del Contrato de Arrendamiento de Vivienda Pública, independientemente de la acción judicial que las autoridades competentes tomen en el caso. La Administración de Vivienda Pública considerará la evidencia incautada o levantada por la autoridad competente como causa suficiente para cancelar unilateralmente el contrato de arrendamiento con el arrendatario." Resolución del Tribunal de Circuito de Apelaciones, caso núm. CC-00-555, pág. 2 esc. 3.

[2] Cabe indicar que, a pesar de ser ésta una resolución interlocutoria, se le advirtió a la señora Ríos Rodríguez, incorrectamente, que dentro del término correspondiente podía instar un recurso de revisión judicial ante el Tribunal de Circuito de Apelaciones. La parte pertinente de la resolución expone:

"CERTIFICO: Que se ha archivado en autos la original de esta Resolución administrativa hoy ____de _____de 1999 [sic]. De no estar de acuerdo con la misma y de conformidad con la Ley de Procedimientos Administrativos; Ley "170 del 12 de agosto de 1988["] y posteriormente enmendada en 1996, la parte adversamente afectada por esta Resolución final, podría presentar una solicitud de Revisión ante el Tribunal de Circuito de Apelaciones, dentro del término de treinta (30) días contados a partir de la fecha del archivo en autos de copia de la notificación de la Resolución.

"CERTIFICO: Que yo, la abajo firmante, he archivado en autos, copia de la notificación de esta Resolución el día 30 de diciembre de 1999." Resolución del Tribunal de Circuito de Apelaciones, caso Núm. CC-00-555.

B. El contrato de arrendamiento entre la Sra. Norma Iris Santiago Rubert y Vivienda se suscribió el 16 de octubre de 1996, sobre un apartamento localizado en el residencial Villa del Parque en Juana Díaz, Puerto Rico. El contrato se enmendó el 28 de mayo de 1997, a los fines de incluir la referida cláusula.

Posteriormente, el 23 de octubre de 1999, uno de los miembros del grupo familiar de la señora Santiago Rubert fue arrestado por violación al Art. 401 de la Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. sec. 2401. Por consiguiente, el 1ro de diciembre de 1999, J.A. Machuca & Associates, Inc. le informó por escrito a la señora Santiago Rubert la terminación del contrato y su derecho a solicitar una vista administrativa, la que se llevó a cabo el 10 de diciembre de 1999.

Mediante resolución administrativa de 30 de diciembre de 1999, el Oficial Examinador decretó la procedencia de la cancelación del contrato en cuestión. Dicha resolución contiene el mismo apercibimiento con respecto a la revisión judicial.

No conforme con este dictamen, la señora Santiago Rubert presentó una revisión administrativa ante el Tribunal de Circuito de Apelaciones.

C. El 1ro de mayo de 1998, la Sra. Luz Divina Negrón Rubio suscribió con Vivienda un contrato de arrendamiento sobre un apartamento ubicado en el Residencial Arístides Chavier en Ponce, Puerto Rico. El contrato se enmendó en esa misma fecha con el propósito de incluir la cláusula antes citada.

El 13 de abril de 1999, la Policía de Puerto Rico arrestó a uno de los miembros del grupo familiar encabezado por la señora Negrón Rubio, por alegada violación al Art. 4 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. sec. 414, y por la comisión del delito de robo. En consecuencia, el 1ro de noviembre de 1999, J.A. Machuca & Associates, Inc. le notificó por escrito a la señora Negrón Rubio la terminación del

contrato de arrendamiento, efectivo el 30 de noviembre de 1999, así como su derecho a solicitar una vista administrativa. Dicha vista se celebró el 24 de noviembre de 1999.

El 30 de diciembre de 1999, el Oficial Examinador emitió una resolución mediante la cual determinó que procedía la cancelación del contrato. Esta resolución también contiene el mismo apercibimiento con respecto a la revisión judicial.[3]

Inconforme, la señora Negrón Rubio acudió mediante revisión administrativa al Tribunal de Circuito de Apelaciones.[4]

Mediante Resoluciones de 27 de enero y 24 de febrero de 2000, el Tribunal de Circuito de Apelaciones[5] ordenó la consolidación de los recursos, por éstos plantear idénticas cuestiones de derecho. Así las cosas, el 19 de mayo de 2000, emitió una resolución en la cual estableció que el Oficial Examinador no es el funcionario de Vivienda autorizado por ley para emitir resoluciones u órdenes finales. En vista de lo anterior, concluyó que tales recursos eran prematuros y que, por lo tanto, carecía de jurisdicción para considerarlos. Así, pues, devolvió los casos a Vivienda para la continuación de los procedimientos.

Inconformes, las aquí recurrentes —señora Ríos Rodríguez, señora Santiago Rubert y señora Negrón Rubio— acuden ante nos el 21 de junio de 2000 mediante sus respectivas peticiones de *certiorari*. En esencia, señalan que erró el tribunal apelativo al declararse sin jurisdicción por

---

[3] Cabe indicar que, como resultado de la decisión del Oficial Examinador, la señora Ríos Rodríguez, la señora Santiago Rubert, la señora Negrón Rubio y sus respectivos grupos familiares nunca fueron desalojados de su vivienda.

[4] Cabe señalar que Madeline Padilla Falú y Cruz María Torres Laboy también recurrieron al Tribunal de Circuito de Apelaciones de la cancelación de sus contratos de arrendamiento con la Administración de Vivienda. Sin embargo, éstas no acudieron ante nos del dictamen de dicho foro. Por tal razón no entraremos en los hechos particulares de sus recursos.

[5] Panel V integrado por los Jueces Segarra Olivero, Negroni Cintrón y Soler Aquino.

prematuridad y al concluir que el Oficial Examinador no es un funcionario autorizado para emitir resoluciones u órdenes finales.

Además, en esa misma fecha, las peticionarias presentaron una "Moción explicativa por lo que se están presentando los recursos consolidados en escritos separados, pero bajo los mismos fundamentos". De dicho escrito surge que en el caso Núm. KLRA20000225, a pesar de tratar sobre hechos similares a los del caso de epígrafe, el Panel V del Tribunal de Circuito de Apelaciones —integrado por las Juezas Fiol Matta y Rodríguez de Oronoz, y el Juez González Román— asumió jurisdicción y revocó el dictamen de la Administración de Vivienda Pública.

Mediante Resolución de 25 de agosto de 2000, consolidamos los recursos y expedimos el auto de *certiorari*. Recibidos los alegatos correspondientes, resolvemos.

## II

El Art. 14 del Reglamento para la Atención de Quejas y Señalamientos en los Residenciales Públicos de 13 de agosto de 1993, adoptado por el Departamento de la Vivienda, págs. 9–10, dispone lo siguiente con respecto al Informe del Oficial Examinador:

> 1. El Oficial Examinador notificará a las partes su decisión, dentro de treinta (30) días calendario siguientes a la fecha de haber finalizado la vista mediante informe escrito, indicando las determinaciones de hecho y las conclusiones de derecho y sus recomendaciones sobre el caso. *Dicho informe conjuntamente con el expediente del caso será remitido al Administrador para proceder a emitir la resolución u orden final.*
> 2. La resolución u orden deberá incluir y exponer las determinaciones de hecho, conclusiones de derecho, la disponibilidad del recurso de reconsideración o revisión, según sea el caso. *La orden o resolución deberá ser firmada por el administrador* y entregada personalmente o por correo certificado a las partes. (Énfasis suplido.)

Reiteradamente hemos señalado que una orden o

resolución final es aquella que pone fin a los procedimientos ante la agencia y cuyo efecto es sustancial sobre las partes. *J. Exam. Tec. Méd. v. Elías et al.*, 144 D.P.R. 483 (1997). Véase, además, D. Fernández Quiñones, *Derecho Administrativo y la Ley de Procedimiento Administrativo Uniforme*, Bogotá, Ed. Forum, 1993, pág. 479.

██ En cuanto a las resoluciones u órdenes finales, el Art. 15 del citado Reglamento, pág. 10, establece que:

> El Administrador de la Administración de Vivienda Pública emitirá la resolución u orden final del caso basado en el informe del Oficial Examinador y el expediente, en un término que no podrá exceder de noventa (90) días, después de finalizada la vista. Salvo que el mismo sea renunciado o ampliado con el consentimiento escrito de todas las partes o causa justificada.

Sobre este particular, el segundo y tercer párrafo de la Sec. 3.14 de la Ley Núm. 170 de 12 de agosto de 1988, conocida como la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (en adelante L.P.A.U.), 3 L.P.R.A. sec. 2164, dispone que

> [l]a orden deberá incluir y exponer separadamente determinaciones de hecho si éstas no se han renunciado, conclusiones de derecho, que fundamentan la adjudicación, la disponibilidad del recurso de reconsideración o revisión según sea el caso. *La orden o resolución deberá ser firmada por el jefe de la agencia o cualquier otro funcionario autorizado por ley.*
> La orden o resolución advertirá el derecho de solicitar la reconsideración o revisión de la misma, con expresión de los términos correspondientes. Cumplido este requisito comenzarán a correr dichos términos. (Énfasis suplido.)

██ El Art. 4.002(g) de la Ley Núm. 248 de 25 de diciembre de 1995, según enmendada, conocida como la Ley de la Judicatura de Puerto Rico de 1994 (4 L.P.R.A. sec. 22k(g)), le confiere competencia al Tribunal de Circuito de Apelaciones para revisar las resoluciones u órdenes de las

agencias administrativas.(⁶) Conforme al historial legislativo de la L.P.A.U., tal facultad está limitada a las resoluciones u órdenes *finales* de las agencias. *J. Exam. Tec. Méd. v. Elías et al.*, supra, pág. 320.

El Art. 4.2 de la L.P.A.U., 3 L.P.R.A. sec. 2172, en lo pertinente, establece que

[u]na parte adversamente afectada por *una orden o resolución final* de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones, *dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final* de la agencia o a partir de la fecha aplicable de las dispuestas en la sec. 2165 de este título, cuando el término para solicitar la revisión [sic] judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. (Énfasis suplido.)

La doctrina de agotamiento de remedios administrativos recogida en el Art. 4.2 de la L.P.A.U., *supra*, constituye una norma de abstención judicial, cuyo propósito es evitar que las reclamaciones presentadas ante una agencia administrativa lleguen al foro judicial a destiempo. *Igartúa de la Rosa v. A.D.T.*, 147 D.P.R. 318 (1998).

Reiteradamente hemos expresado que, en virtud de las doctrinas de agotamiento de remedios administrativos y revisión judicial, los tribunales —a su discreción— se abstendrán de evaluar la actuación de la agencia hasta tanto la persona o junta que dirija dicha entidad resuelva, en su totalidad, la cuestión litigiosa. *J. Exam. Tec. Méd. v. Elías et al.*, supra, pág. 321.

---

(⁶) El inciso (g) del Art. 4.002 de la Ley de la Judicatura de Puerto Rico de 1994 (4 L.P.R.A. sec. 22k(g)) dispone:

"(g) Mediante auto de revisión, a ser expedido discrecionalmente, de las decisiones, reglamentos, órdenes y resoluciones de cualquier agencia administrativa, de acuerdo con los términos y condiciones establecidos por las secs. 2101 et seq. del Título 3, conocidas como la 'Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico'."

A la luz de los principios expuestos, resolvemos.

III

En el caso ante nos, las resoluciones administrativas de las cuales se recurrió ante el Tribunal de Circuito de Apelaciones las emitió el Oficial Examinador de Vivienda. A tenor del citado Art. 14 del Reglamento para la Atención de Quejas y Señalamientos en los Residenciales Públicos, *supra*, el Oficial Examinador deberá preparar un informe escrito que contenga las determinaciones de hecho, las conclusiones de derecho y sus recomendaciones sobre el asunto. Posteriormente, el Oficial Examinador remitirá dicho informe y el expediente del caso al Administrador de Vivienda para que sea éste quien dicte la resolución u orden final.

No surge del expediente que, en la situación de autos, el Administrador de Vivienda haya acogido el informe del Oficial Examinador y haya emitido una resolución final. En vista de que el Oficial Examinador no es el funcionario autorizado para dictar resoluciones finales de Vivienda, dictaminamos que los recursos presentados ante el foro apelativo eran prematuros, por lo que procedía desestimarlos por falta de jurisdicción. *Rodríguez v. Zegarra*, 150 D.P.R. 649 (2000).

Innumerables veces hemos señalado que los tribunales no tienen discreción para asumir jurisdicción donde no la hay. *López v. J. Gus Lallande*, 144 D.P.R. 77 (1998). La notificación incorrecta a las peticionarias de su derecho a acudir en revisión judicial ante el Tribunal de Circuito de Apelaciones, no tuvo el efecto de concederle jurisdicción a dicho foro. Sin embargo, ello no soslaya el derecho de las peticionarias a que, una vez el Administrador emita la resolución final, éstas soliciten reconsideración o revisión, según corresponda.

En vista de que las resoluciones de las cuales las peticionarias recurrieron ante el Tribunal de Circuito de Apelaciones no eran finales, y por cuanto en el caso de epígrafe no se han agotado los remedios administrativos, el foro apelativo carecía de jurisdicción para considerar los recursos presentados ante sí. Por las razones que anteceden, *confirmamos el dictamen del Tribunal de Circuito de Apelaciones y devolvemos estos recursos a la Administración de Vivienda Pública de Puerto Rico para la continuación de los procedimientos de conformidad con lo aquí expuesto.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Rebollo López no intervino.