ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **CUSTOM GROUP, LLC., antes CUSTOM HOME, INC.**<br><br>Recurrente<br><br>v.<br><br>**COMPAÑÍA DE FOMENTO INDUSTRIAL DEL GOBIERNO DE PUERTO RICO**<br><br>Recurrido<br><br><br>**DCM, LLC.**<br><br>Licitador Agraciado<br><br><br>**ÁLVAREZ & MARSHALL; ECOVAL, LLC.; M2A GROUP**<br><br>Licitadores no Agraciados | KLRA202400510 | **REVISIÓN**<br>procedente de la Compañía de Fomento Industrial del Gobierno de Puerto Rico<br><br><br>RFP NÚM: PRIDCO-FEMA-RFP-2023-03<br><br><br>Sobre: Impugnación de Adjudicación de RFP sobre Grant Management Coordinador Services |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

Cintrón Cintrón, Jueza Ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 12 de noviembre de 2024.

Comparece ante este Tribunal de Apelaciones Custom Group, LLC., antes Custom Homes, Inc. (Custom Group o recurrente) y solicita que revoquemos el *Recommendation for Selection of Proposal Grant Management Coordinator Services Project: FEMA 4339 DR, FEMA 4473 DR, FEMA 4671 DR, their HMP´s, CDBG-DR, and CDBG-MIT for PRIDCO Federal Funds Program, Inslandwide, Puerto Rico* emitido el 5 de agosto de 2024 y notificado el 7 de agosto de 2024, por el director ejecutivo de la Compañía de Fomento Industrial de Puerto Rico (PRIDCO). Mediante el mismo, se otorgó la *buena pro* de la solicitud de propuestas a DCMC, LLC.

Ahora bien, a poco examinar el dictamen recurrido, nos percatamos que este no cumplió con las obligaciones que el debido proceso de ley exige para toda notificación de adjudicación de requerimiento de propuestas. En vista de ello, nos vemos precisados a desestimar el recurso de epígrafe por prematuro y devolver el caso a PRIDCO para que dicho organismo emita y notifique nuevamente la adjudicación del *Request for Proposal (RFP)* concernido, a tenor con los requisitos legales correspondientes.

## I.

Según surge del expediente, el 17 de mayo de 2023, PRIDCO notificó el *Grant Management Coordinator Proposal (GMC) for FEMA 4339 DR, FEMA 4473 DR, FEMA 4671 DR, their HMP´s, CDBG-DR, and CDBG-MIT for PRIDCO Federal Funds Program, Inslandwide, Puerto Rico,* RFP Núm. PRIDCO-FEMA-RFP-2023-03. Las siguientes firmas de consultoría de ingeniería participaron en la presentación de propuestas: (**1) DCMC, LLC.; (2) Álvarez & Marsal; (3) Custom Homes, Inc.; (4) Ecoval, LLC.** y **(5) M2A Group**.[1]

Luego de evaluar las ofertas presentadas a su consideración, el 5 de agosto de 2024, notificada el 7 de agosto de 2024, PRIDCO emitió la decisión aquí impugnada, mediante la cual notificó la selección de la empresa DCMC, LLC. Precisó que las propuestas sometidas fueron evaluadas en términos de dotación de personal, cualificaciones, experiencia relevante, envío de los requerimientos aplicables, comprensión del alcance del proyecto y los honorarios solicitados. Particularmente, PRIDCO expresó que **Custom Homes,** hoy Custom Group, no cumplió con los siguientes requisitos: (1) entendimiento del objetivo; toda vez que el proponente no elaboró sobre su experiencia o conocimiento en asuntos de CDBG-MIT y (2) contenido de la propuesta; porque las páginas de la oferta no

---

[1] De la notificación de la adjudicación del RFP surge que Ecoval y M2A Group fueron descualificadas. Apéndice del recurso, pág. 3.

estaban numeradas, existían hojas mal impresas y había información repetitiva.

Inconforme con la antedicha determinación, Custom Group incoó el recurso de revisión judicial bajo nuestra consideración. En este le imputó a PRIDCO la comisión de los siguientes errores:

> Erró PRIDCO al emitir una notificación de adjudicación de *Request for Proposal* en craso incumplimiento con los requisitos mínimos de adecuacidad ocasionando que el término para impugnar la determinación no haya comenzado a transcurrir.

> Erró PRIDCO al no permitir el acceso y reproducción al expediente administrativo del RFP PRIDCO-FEMA-RFP-2023-03 en violación al derecho de acceso a la información pública y del derecho a una revisión judicial adecuada, privando a la parte recurrente ejercer cabalmente su derecho a solicitar reconsideración y revisión judicial de dicha determinación administrativa.

> Erró PRIDCO al determinar que Custom Homes, LLC incumplió con no elaborar la experiencia y conocimiento en el CDBG-MIT.

> Erró PRIDCO al realizar una reducción de puntuación sustancial en la partida del contenido propuesto (Proposal Content) a pesar de que se cumplió en su totalidad con él.

> Erró PRIDCO al no seleccionar a Custom Homes, LLC como el licitador agraciado a pesar de que fue el licitador con mayor puntuación, el más responsivo al pliego del requerimiento de propuesta y el mejor proveedor de la propuesta económica.

El 16 de octubre de 2024, PRIDCO, sin acogerse a la jurisdicción de este Tribunal, solicitó la desestimación del recurso de referencia, por falta de jurisdicción por prematuro. Allí alego que, aunque en la notificación de la subasta expuso las advertencias de los términos y recursos disponibles para que un licitador no agraciado pudiera acudir en revisión de la determinación de la adjudicación del requerimiento de propuestas, omitió incluir el término para ello.

Luego, el 22 de octubre de 2024, mediante *Moción Informativa sobre Notificación,* sin acogerse a la jurisdicción de este Tribunal, PRIDCO comunicó que, el 17 de octubre de 2024, realizó una nueva

notificación de la subasta en cumplimiento con los requisitos dispuestos en nuestro ordenamiento jurídico. A lo anterior se opuso oportunamente Custom Group por medio de una *Moción Urgente en Oposición a Moción Informativa sobre Notificación.* Argumentó que la nueva notificación de PRIDCO incluyó términos incorrectos para que un licitador adversamente afectado presente un recurso de revisión judicial ante este Tribunal de Apelaciones. Añadió que el procedimiento de adquisición mediante el requerimiento de propuestas en el presente caso se encuentra fuera de la jurisdicción de la Ley Núm. 73 de 19 de julio de 2019, según enmendada, *Ley de la Administración de Servicios Generales para la Centralización de las Compras del Gobierno de Puerto Rico* (Ley Núm. 73-2019), 3 LPRA sec. 9831 *et seq.,* y que le era de aplicación la Ley Núm. 38 de 30 de junio de 2017, según enmendada, *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), 3 LPRA sec. 9672.

**II.**

En nuestra jurisdicción, la contratación gubernamental de todo tipo de servicios está revestida del más alto interés público, pues persigue fomentar la inversión adecuada, responsable y eficiente de los recursos del Estado. *St. James Sec. v. AEE*, 2023 TSPR 149, 213 DPR ___ (2023), citando a *SLG Ortiz-Mateo v. ELA*, 211 DPR 772 (2023) y otros. La subasta tradicional y el requerimiento de propuestas (*Request for Proposal o RFP*) son métodos mediante los cuales, tanto el gobierno central, como el municipal adquieren bienes y servicios para así proteger el erario y garantizar que se realicen sus funciones administrativas responsablemente. *St. James Sec. v. AEE,* supra*; R&B Power v. E.L.A.,* 170 DPR 606, 621 (2007).

El *Request for Proposal* se diferencia de la subasta habitual por ser un procedimiento excepcional, informal y flexible que

permite al oferente negociar con el gobierno central o municipal y enmendar o revisar las ofertas antes de la adjudicación de un contrato de adquisición de bienes y servicios. *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 531-532 (2019). Un requerimiento de propuestas "participa de características adjudicativas de la misma forma que la subasta tradicional". *R&B Power v. E.L.A.*, supra, pág. 624. Ahora bien, debido a su naturaleza informal y flexible, y la erogación de fondos públicos que implica, es importante que su uso no se convierta en la norma como un escape a la competencia secreta de la subasta tradicional. *Íd.*, pág. 625. El *RFP* es comúnmente utilizado cuando se trata de bienes o servicios especializados que involucran aspectos altamente complejos o cuando existen escasos competidores cualificados. *ECA Gen. Contrac. v. Mun. de Mayagüez,* 200 DPR 665, 674 (2018); *CD Builders v. Mun. Las Piedras*, 196 DPR 336, 345 (2016). Nuestra jurisprudencia ha destacado que del *RFP* deben surgir "los requerimientos, los términos y las condiciones, así como los factores que han de considerarse en la evaluación para la adjudicación de la subasta". *Íd.*, pág. 346.

A tenor con lo anterior, es por todos conocido que las agencias administrativas, de ordinario, se encuentran en mejor posición que los tribunales para evaluar las propuestas o licitaciones ante su consideración, de acuerdo con los parámetros establecidos por la ley y los reglamentos aplicables. *CD Builders v. Mun. Las Piedras*, supra, pág. 349. Ello, toda vez que, en el ejercicio de sus facultades y su *expertise*, a las agencias "se les reconoce discreción al momento de considerar las licitaciones, rechazar propuestas y adjudicar la subasta a favor de la licitación que estime se ajusta mejor a las necesidades particulares de la agencia y al interés público en general". *Íd.* Como consecuencia, los tribunales no debemos intervenir con la adjudicación de una subasta o el rechazo de una

propuesta, salvo que la determinación administrativa adolezca de un abuso de discreción, arbitrariedad o irracionabilidad. *CD Builders v. Mun. Las Piedras*, supra, pág. 349.

Al presente no hay una ley que reglamente de forma expresa los *RFP* o las subastas formales. *Puerto Rico Eco Park v. Mun. de Yauco,* 202 DPR 525, 531 (2019). No obstante, la LPAU instituye ciertos aspectos relacionados a éstos. En particular, la Sección 3.19 del referido cuerpo legal, 3 LPRA sec. 9659, gobierna lo relacionado al proceso de revisión de la adjudicación de subastas. Esta explica que "los procedimientos de adjudicación de subastas serán informales; su reglamentación y términos serán establecidos por las agencias, pero siempre en estricto cumplimiento con la legislación sustantiva que aplica a las compras del Gobierno de Puerto Rico y sin menoscabo de los derechos y obligaciones de los licitadores bajo la política pública y leyes vigentes en la jurisdicción de Puerto Rico."

De otro lado, el derecho de revisión judicial que poseen los licitadores es parte del debido proceso de ley. *St. James Sec. v. AEE*, supra; *PVH Motor v. ASG*, 209 DPR 122, 132 (2022). Para que un tribunal pueda cumplir con su obligación constitucional y asegurar que el derecho a obtener la revisión judicial de una decisión de una agencia sea efectivo, es imprescindible exigir que la misma esté fundamentada, aunque sea de forma sumaria, y que las notificaciones que se realicen durante estos procesos sean efectuadas correctamente a todas las partes. *PVH Motor v. ASG*, supra; *Puerto Rico Asphalt v. Junta*, 203 DPR 734 (2019) (Sentencia), citando a *L.P.C. & D., Inc. v. A.C.*, 149 DPR 869, 877-888 (1999). Asimismo, "se debe advertir del derecho de las partes a procurar la revisión judicial; el término disponible para hacerlo y la fecha del archivo en autos de una copia de la notificación". *PVH Motor v. ASG*, supra, pág. 132. Lo anterior permite que los tribunales, al revisar la determinación de la agencia administrativa, puedan asegurarse de

que la decisión no fue una arbitraria, caprichosa o irrazonable, máxime en el caso de subastas públicas, en virtud de las cuales se desembolsan fondos públicos. *L.P.C. & D., Inc. v. A.C.*, supra, a las págs. 878-879.

Precisamente en *L.P.C. & D., Inc. v. A.C.*, el Tribunal Supremo de Puerto Rico resolvió que la notificación de la adjudicación de una subasta por lo menos debe incluir: los nombres de los licitadores en la subasta y una síntesis de sus propuestas; los factores o criterios que se tomaron en cuenta para adjudicar la subasta; los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos y la disponibilidad y el plazo para solicitar la reconsideración y la revisión judicial. *Íd.*

Ahora bien, debemos tener presente que una notificación defectuosa de una determinación tomada por las agencias administrativas priva de jurisdicción al foro revisor para entender el asunto en disputa, lo que impide que comience a transcurrir el término para recurrir de cualquier determinación administrativa y, consecuentemente, violenta el derecho al debido proceso de ley de la parte afectada. *PVH Motor v. ASG*, supra, pág. 132.

**III.**

En el caso de epígrafe, Custom Group impugna la adjudicación del RFP Núm. PRIDCO-FEMA-RFP-2023-03 que notificó PRIDCO el **7 de agosto de 2024**. Aduce que la notificación de la adjudicación del RFP es nula, por incumplir con requisitos de nuestro estado de derecho vigente. A su vez, solicita que PRIDCO le provea oportunidad para examinar la totalidad del expediente de la subasta.

Según adelantado, luego de examinar con detenimiento el expediente, los argumentos de las partes y los anejos pertinentes, notamos que estamos privados de jurisdicción en este caso. Resulta evidente que PRIDCO no cumplió con las exigencias legales y

jurisprudenciales aplicables, toda vez que la notificación del RFP de la cual recurre Custom Group carece de una síntesis de las propuestas sometidas; de los defectos, si alguno, que tuvieron las propuestas de los demás licitadores perdidosos; **así como también del término correcto para impugnar la subasta**.

Como vemos, la inobservancia por parte de PRIDCO provocó que la notificación emitida el **7 de agosto de 2024** no se pueda considerar como una adecuada, válida y efectiva, pues para ello resultaba indispensable que se plasmara toda la información que nuestro estado de derecho especifica, más los términos correctos para impugnar la adjudicación. Por consiguiente, la notificación de adjudicación de la solicitud de propuestas aquí en controversia fue una defectuosa.

Ante la inobservancia de los postulados que gobiernan el asunto ante nuestra consideración, nos vemos precisados a devolver el caso a PRIDCO para que emita un dictamen conforme a nuestro ordenamiento jurídico y lo notifique nuevamente a los licitadores. Solo así la parte perjudicada podrá formular una apropiada defensa y este Foro apelativo podrá revisar y resolver los méritos de la causa. *L.P.C. & D., Inc. v. A.C.,* supra, a la pág. 879. **Adviertan las partes que cualquier notificación posterior emitida por PRIDCO carente de los términos correctos en casos de impugnación de subastas, conforme a la Sec. 4.2 de la LPAU, 3 LPRA sec. 9672, resultaría inoficiosa**.[2]

En suma, resulta forzoso concluir que no tenemos jurisdicción para atender el recurso de epígrafe, pues resulta prematuro.[3] En esa dirección, hacemos énfasis en que "la

---

[2] Según señalado, el 22 de octubre de 2024 PRIDCO nos informó haber emitido una nueva notificación de adjudicación de RFP.

[3] La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. Por ello, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385-386 (2020). Los tribunales deben ser celosos guardianes de su jurisdicción y no pueden asumirla donde no la tienen.

contratación gubernamental de todo tipo de servicios está revestida del más alto interés público, pues persigue fomentar la inversión adecuada, responsable y eficiente de los recursos del Estado." *St. James Sec. v. AEE*, supra, citando a *SLG Ortiz-Mateo v. ELA*, 211 DPR 772 (2023) y otros. Este tipo de función administrativa de subasta o RFP debe realizarse cuidadosamente. Es decir, corresponde a la entidad adjudicadora del RFP cumplir de forma cabal con las disposiciones aplicables, los cuales surgen explícitamente de la ley y la jurisprudencia.[4]

## IV.

Por los fundamentos anteriormente expuestos, se declara *ha lugar* la moción de desestimación que instó PRIDCO. En consecuencia, se desestima el recurso de autos por prematuro. Véase, Regla 83(B)(1) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 83(B)(1).

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

*S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Por consiguiente, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primacía. *Íd.* A tenor con lo anterior, un tribunal carece de jurisdicción para adjudicar una controversia cuando se presenta un recurso de forma prematura. Un recurso prematuro se presenta en la Secretaría de un tribunal antes de que el asunto esté listo para su adjudicación, por lo que adolece del grave e insubsanable defecto de falta de jurisdicción. *Padilla Falú v. AVP*, 155 DPR 183, 192 (2001).

[4] De esta manera se evita "el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia y el descuido de otorgarse los contratos, y minimizar los riesgos de incumplimiento". *Mar-Mol Co., Inc. v. Adm. Servicios Gens.*, 126 DPR 864, 871 (1990).