ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **LUZ N. GONZÁLEZ COLÓN; CINDERELLA NURSERY DAY CARE CENTER, INC.**<br><br>Recurrente<br><br>v.<br><br>**DEPARTAMENTO DE LA FAMILIA**<br><br>Recurrido | TA2025RA00060 | **REVISIÓN** procedente de la Junta Adjudicativa del Departamento de la Familia<br><br>Caso Núm:<br>**2025 PPSF 0108**<br><br>Sobre: Maltrato Institucional |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, Juez Sánchez Báez y la Jueza Prats Palerm[1]

Cintrón Cintrón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de agosto de 2025.

Luz N. González Colón y Cinderella Nursery Day Care Center, Inc. (en conjunto, parte recurrente) nos solicitan que revoquemos la *Notificación* emitida el 7 de julio de 2025 por la Junta Adjudicativa del Departamento de la Familia (Junta Adjudicativa). Mediante el referido dictamen, la Junta Adjudicativa declaró *No Ha Lugar* la solicitud de desestimación[2] instada por la parte recurrente.

Por los fundamentos que expondremos a continuación, desestimamos el presente recurso de revisión judicial por prematuro.

**I.**

Según surge del expediente, el caso de autos se originó cuando el Departamento de la Familia recibió cinco (5) referidos enumerados: 10494771, 10500248, 10523685, 10524320 y

---

[1] Véase *Orden Administrativa OATA-2025-136* de 14 de julio de 2025, donde se designa a la Hon. Annette M. Prats Palerm debido a la inhibición de la Hon. Eileen J. Barresi Ramos.
[2] Adviértase que, en la decisión impugnada, la Junta Adjudicativa emitió una determinación sobre una aparente solicitud de desestimación, a pesar de que la parte recurrente había instado una apelación.

10524496, en los cuales se alegaba que *Cinderella Nursery* había incumplido con las disposiciones legales aplicables a dicho establecimiento.

Fundamentado en ello, el 12 de febrero de 2025, la Administración de Familias y Niños del Departamento de la Familia le cursó a la parte recurrente una *Notificación sobre Resultado de Investigación de Maltrato o Negligencia Institucional a Persona Nombrada en el Referido* con el resultado o determinación de las investigaciones realizadas para cada uno de los cinco referidos. En esta, se desprende que la agencia determinó que la investigación sobre cada uno de los referidos relacionados a la señora González Colon resultó "Con Fundamento". En el aludido documento además se le advirtió sobre el derecho a solicitar la apelación ante la Junta Adjudicativa y el término para hacerlo.

En desacuerdo, el 27 de febrero de 2025, la parte recurrente presentó una *Solicitud de Apelación* ante la Junta Adjudicativa. Mediante la misma, sostuvo que el dictamen de la Administración de Familias y Niños del Departamento de la Familia no cumplió con el debido proceso de ley. Alegó que este no tuvo validez jurídica alguna debido a que no detallaba los fundamentos que apoyaban la determinación de la agencia y cuestionó como podría hacer valer su derecho a presentar un recurso de apelación antes dichas circunstancias.

Luego, el 7 de marzo de 2025, la Junta Adjudicativa emitió dos resoluciones desestimando la *Solicitud de Apelación* por haberse presentado fuera del término de quince (15) días calendario para presentar la apelación conforme al Artículo 12 del Reglamento para Establecer los Procedimientos Adjudicativos de la Junta Adjudicativa del Departamento de la Familia.

Insatisfecha, el 10 de marzo de 2025, la parte recurrente instó una *Moción de Reconsideración* ante la Junta Adjudicativa

exponiendo que el cómputo de los términos era incorrecto y que, por ende, su *Solicitud de Apelación* había sido presentada oportunamente, de conformidad con las disposiciones reglamentarias. Sobre ello, el 13 de marzo de 2025, la Junta Adjudicativa emitió una notificación proveyendo *Ha Lugar* al entender que la solicitud de apelación había sido presentada dentro del término reglamentario correspondiente.

Así las cosas, el 23 de mayo de 2025, la Administración de Familias y Niños del Departamento de la Familia presentó un escrito intitulado *Réplica a Solicitud de Desestimación.* En este, sostuvo que el planteamiento de la parte recurrente no era correcto toda vez que los referidos se habían discutido detalladamente con la señora González Colón al comenzar la investigación y durante los casi siete (7) meses que duró la misma. Añadió que la notificación no era defectuosa y que, por el contrario, la parte recurrente conocía con lujo de detalles los hechos que dieron base a la determinación de "Con Fundamento" en los cinco (5) referidos. Por todo lo anterior, solicitó que se proveyera no ha lugar a la solicitud de declarar nula la notificación.

Evaluadas las posturas de las partes, el 6 de junio de 2025, la Junta Adjudicativa emitió una resolución interlocutoria proveyendo *No Ha Lugar* a la "solicitud de desestimación".

Inconforme, el 7 de julio de 2025, la señora González Colón y Cinderella Nursery recurrieron ante este foro revisor mediante *Recurso de Revisión* señalando el siguiente error:

> Erró la Junta Adjudicativa al emitir una notificación sobre la Solicitud De Apelación en violación al debido proceso de ley, en su vertiente procesal.

El 25 de agosto de 2025, el Departamento de la Familia, por conducto de la Oficina del Procurador General, compareció mediante *Moción en Cumplimiento de Resolución y Solicitud de Desestimación.*

Con el beneficio de la comparecencia de todas las partes, estamos en posición de resolver.

**II.**

**A.**

Los procedimientos de adjudicación ante la Junta Adjudicativa del Departamento de la Familia están regulados por el *Reglamento para Establecer los Procedimientos de Adjudicación de Controversias ante la Junta Adjudicativa del Departamento de la Familia*, Reglamento Núm. 9491, del 24 de agosto de 2023 (Reglamento Núm. 9491). Conforme a ello, la Junta Adjudicativa tiene la autoridad legal para considerar y resolver controversias en apelaciones iniciadas por solicitantes y participantes de programas de servicios o beneficios económicos, así como las iniciadas par proveedores de servicios bajo los programas del Departamento de la Familia, o sobre cualquier otro asunto dispuesto por ley o reglamento.

Por otro lado, el referido reglamento dispone que, el oficial examinador podrá prescindir de la celebración de una vista para adjudicar el caso luego de que las partes presenten sus argumentos y prueba por escrito y este evalúe si es necesario o no celebrar la vista. Ahora bien, en el caso de que el oficial examinador decida no celebrar una vista, el reglamento expresamente indica que el oficial examinador deberá atender y adjudicar la apelación conforme a las disposiciones reglamentarias.

En ese sentido, el Artículo 22 del Reglamento Núm. 9491, *supra*, dispone que las órdenes o resoluciones finales deberán incluir y exponer separadamente determinaciones de hechos, conclusiones de derecho que fundamenten la adjudicación y la disponibilidad del recurso de reconsideración o revisión con expresión de los términos correspondientes, según sea el caso.

Cabe resaltar que, conforme al estado de derecho imperante en nuestra jurisdicción, cuando una agencia promulga unos reglamentos para facilitar su proceso decisional y liminar el alcance de su discreción, esta viene obligada a observarlos estrictamente y no queda a su irrestricta voluntad reconocer o no los derechos que extendió. *García Cabán v. UPR*, 120 DPR 167, 175 (1987).

**B.**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Metro Senior v. AFV*, 209 DPR 203, 208-209 (2022), citando a *Beltrán Cintrón v. Estado Libre Asociado de Puerto Rico*, 204 DPR 89, 101 (2020). Por ello, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374, 385-386 (2020). Sabido es que los tribunales deben ser celosos guardianes de su jurisdicción y que no poseen discreción para asumirla donde no la tienen. Por consiguiente, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primacía. *Íd.*, citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 249 (2012) y otros. Así, "cuando un tribunal determina que no tiene jurisdicción para intervenir en un asunto, procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento de estos recursos". *Allied Management Group, Inc. v. Oriental Bank*, supra, pág. 387.

Un tribunal carece de jurisdicción para adjudicar una controversia cuando un recurso instado de forma prematura. Un recurso prematuro se presenta en la secretaría de un tribunal antes de que el asunto esté listo para su adjudicación, por lo que adolece del grave e insubsanable defecto de falta de jurisdicción. *Padilla Falú v. AVP*, 155 DPR 183, 192 (2001). En armonía con lo anterior, la

Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra*, R. 83 (C), nos faculta, por iniciativa propia, desestimar un recurso cuando carecemos de jurisdicción para atenderlo.

**III.**

En esencia, la parte recurrente aduce que incidió la Junta Adjudicativa al emitir una notificación sobre la solicitud de apelación en violación al debido proceso de ley en su vertiente procesal. Particularmente, sostiene que la notificación de la Junta Adjudicativa no informa los fundamentos en los que se apoyó, los derechos que le asiste para cuestionar la decisión tomada ni los términos para ejercer tales derechos. Señala además que el foro administrativo emitió su decisión amparado en un reglamento derogado.

Tras analizar el expediente de autos, resulta evidente que la Junta Adjudicativa emitió una resolución interlocutoria pues la misma no dispone de la solicitud de apelación instada por la señora González Colón. Del dictamen apelado únicamente surge que hace alusión a una aparente solicitud de desestimación. Sin embargo, del expediente ante nuestra consideración no se desprende que exista solicitud de desestimación alguna.[3]

En consecuencia, ante una notificación como la que tenemos ante nuestra consideración, cualquier recurso apelativo interpuesto resulta prematuro. En este caso, la Junta Apelativa no emitió decisión alguna sobre la solicitud de apelación instada por la señora González Colón. Por tanto, estamos privados de jurisdicción

---

[3] Mas aún, de entender que la *Notificación* impugnada trataba en realidad sobre la solicitud de apelación, colegimos que la misma no fue conforme a derecho. En ese sentido, de la notificación impugnada se desprende que la Junta Adjudicativa incumplió su deber de salvaguardar las garantías procesales mínimas de la parte recurrente al omitir incluir en su decisión las determinaciones de hechos y conclusiones de derecho que fundamentaron su adjudicación. Además, tampoco se hizo referencia alguna sobre el derecho que le asistía a la parte recurrente a presentar un recurso de reconsideración o revisión, según fuese el caso, y los términos para ello. Dichas omisiones interfieren inaceptablemente con las garantías mínimas que ofrece a una parte el debido proceso de ley.

apelativa y no tenemos capacidad para intervenir en el recurso, por lo que no podemos más que proceder con su desestimación. Así, una vez la Junta Adjudicativa emita una determinación sobre el recurso de apelación ante su consideración, podrá la parte que resulte adversamente afectada instar un recurso de revisión judicial.

**IV.**

Por los fundamentos antes esbozados, desestimamos el recurso de epígrafe por falta de jurisdicción. Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 109-110, 215 DPR __ (2025).

Lo acordó el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones