Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| VIVALDI SERVICIOS DE SEGURIDAD INC.<br><br>Peticionario<br><br>v.<br><br>AGUADA EMERALD FIELDS CANNABIS WELLNESS CENTER, LLC., HEALTH HERB MEDICAL L.L.C., EFA L.L.C. Y OTROS<br><br>Recurridos | TA2025CE00639 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Aguada<br><br>Caso núm.: AU2022CV00284<br><br>Sobre: Cobro de Dinero-Ordinario |

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 4 de noviembre de 2025.

Comparece ante este tribunal apelativo, Vivaldi Servicios de Seguridad Inc., (Vivaldi o la parte peticionaria) mediante el recurso de *certiorari* de epígrafe solicitándonos que revoquemos la *Resolución Final* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Aguada (TPI), el 30 de junio de 2025. Mediante esta, el foro primario dejó sin efecto la *Sentencia* emitida el 19 de septiembre de 2023, notificada al día siguiente. Asimismo, dejó sin efecto la *Orden de Embargo y Mandamiento* emitida el 25 de febrero de 2025, notificada el 26 de febrero siguiente.

Por los fundamentos que expondremos a continuación, se desestima el recurso de epígrafe por falta de jurisdicción ante su presentación prematura.

### I.

El 11 de mayo de 2022, Vivaldi presentó una demanda sobre cobro de dinero en contra de Aguada Emerald Fields Cannabis

Wellness Center, LLC. (Aguada Emerald), Health Herb Medical LLC. (Health Herb), EFA LLC. (EFA), la Sra. Natalia Albertorio Rivera (señora Albertorio Rivera), el Sr. Wilfredo Ortiz Aponte (señor Ortiz Aponte) y la Sociedad Legal de Gananciales compuesta por ambos (SLG) (en conjunto, la parte recurrida).[1] En esencia, alegó que Vivaldi y la parte recurrida otorgaron un contrato por el cual la parte peticionaria prestaría servicios de seguridad a los dispensarios de cannabis medicinal pertenecientes a la parte recurrida. No obstante, adujo que la parte recurrida incumplió con el pago a pesar de haber recibido dichos servicios.

Así, sostuvo que el señor Ortiz Aponte y la señora Albertorio Rivera eran quienes ejercían el control total de las finanzas de las corporaciones demandadas y que estas actuaban y se comportaban como una solo empresa. Planteó que la parte recurrida utilizó las referidas empresas como subterfugio para evitar sus obligaciones pecuniarias. Por lo cual, solicitó que se descorriera el velo corporativo y que se ordenara el pago de $28,523.68, más intereses, costas, gastos y honorarios de abogado.

Transcurrido el término para comparecer, el 29 de marzo de 2023, el TPI emitió una *Orden* donde anotó en rebeldía a la parte recurrida.[2]

Así las cosas, el 19 de septiembre de 2023, notificada al día siguiente, el TPI emitió una *Sentencia* en la cual declaró *Ha Lugar* a la demanda.[3] En consecuencia, descorrió el velo corporativo y ordenó a la parte recurrida a pagar solidariamente $28,523.68. A tales efectos, el foro primario ordenó notificar el dictamen a las corporaciones a su última dirección conocida, **mientras que al**

---

[1] Véase, el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), Entrada núm. 1.
[2] SUMAC TPI, Entrada núm. 21.
[3] SUMAC TPI, Entrada núm. 30.

**señor Ortiz Aponte, a la señora Albertorio Rivera y a la SLG mediante la publicación de un edicto.**

El 24 de febrero de 2025, Vivaldi presentó una *Moción Solicitando Ejecución de Sentencia*.[4] Allí, indicó que la *Sentencia* notificada el 20 de septiembre de 2023 era final, firme y ejecutable. Por ello, solicitó que se ordenara la ejecución del dictamen mediante el embargo de fondos y/o cualquier otro bien mueble e inmueble de la parte recurrida.

Atendido el escrito, el 26 de febrero de 2025, el foro primario notificó una *Orden* donde la declaró *Con Lugar* y ordenó la expedición del mandamiento correspondiente.[5]

El 28 de marzo de 2025, la parte recurrida presentó una *Moción Urgente Solicitando Nulidad de Sentencia bajo la Regla 49.2 de Procedimiento Civil*.[6] En primer lugar, aseveró que la notificación de la *Sentencia* mediante edicto no cumplió con las disposiciones de la Regla 65.3 (c) de las de Procedimiento Civil. Explicó que la aludida regla requería que, dentro de diez (10) días de haberse publicado el edicto, se notificara a todas las partes, por correo certificado con acuse de recibo, que se encontraban en rebeldía. Así, señaló que del expediente no surgía evidencia de la publicación del edicto en un periódico de circulación general, ni de la declaración jurada que acreditara dicha publicación y mucho menos de la notificación por correo certificado. Ante ello, razonó que la *Sentencia* dictada no era final ni firme, por ende, no era susceptible de ejecución.

Por otra parte, manifestó que los emplazamientos diligenciados sobre la persona de la señora Albertorio Rivera incumplieron con lo establecido en la Regla 4.7 de las de Procedimiento Civil. Esbozó que no se acreditó la inmediata

---

[4] SUMAC TPI, Entrada núm. 33.
[5] SUMAC TPI, Entrada núm. 35.
[6] SUMAC TPI, Entrada núm. 37.

presencia de la personal natural ni la hora; al igual, que no se acreditó que la persona que recibió el emplazamiento fuera un oficial autorizado por la corporación para recibirlo. Por último, esgrimió que existían incongruencias en cuanto a los hechos alegados y a las partidas reclamadas por Vivaldi; así como inconsistencias y ausencias entre la prueba presentada. Por tal razón, solicitó que se declarara nula la *Sentencia* dictada o en la alternativa, se modificara para encontrar responsable únicamente a Health Herb.

Transcurrido el término, sin la comparecencia de la parte peticionaria, el 30 de junio de 2025, el TPI emitió y notificó la *Resolución Final* recurrida.[7] Mediante esta, dejó sin efecto la *Sentencia* notificada el 20 de septiembre de 2023, así como la *Orden de Embargo y Mandamiento* expedida.

Insatisfecho, el 14 de julio de 2025, la parte peticionaria presentó una *Moción en Solicitud de Reconsideración y sobre Falta de Jurisdicción del Tribunal para Decretar Relevo de Sentencia.*[8] En respuesta, el 30 de julio de 2025, la parte recurrida presentó una *Moción en Oposición a Solicitud de Reconsideración.*[9]

Examinados los escritos, el 17 de septiembre de 2025, el TPI notificó una *Resolución Interlocutoria* en la cual declaró *No Ha Lugar* a la reconsideración.[10]

Inconforme con la determinación, la parte peticionaria acude ante este foro apelativo imputándole al foro primario haber incurrido en los siguientes errores:

> PRIMER SEÑALAMIENTO DE ERROR: ERRÓ EL TPI AL CONCEDER UN RELEVO DE SENTENCIA PRESENTADO TARDÍAMENTE POR LAS PARTES CO-DEMANDADAS CON EL PROPÓSITO DE ELUDIR LA EJEUCIÓN DE LA SENTENCIA Y POR HABER SIDO CONCEDIDO SIN JURISDICCIÓN PARA ELLO, LUEGO DE TRANSCURRIDO EL TÉRMINO FATAL DE SEIS (6) MESES QUE ESTABLECE LA REGLA 49.2 DE PROCEDIMIENTO CIVIL.

---

[7] SUMAC TPI, Entrada núm. 47.
[8] SUMAC TPI, Entrada núm. 48.
[9] SUMAC TPI, Entrada núm. 51.
[10] SUMAC TPI, Entrada núm. 52.

SEGUNDO SEÑALAMIENTO DE ERROR: EN LA ALTERNATIVA, DE ESTE HONORABLE TRIBUNAL DE APELACIONES ENTENDER QUE EXISTIÓ ALGÚN DEFECTO EN LA NOTIFICACIÓN DE LA SENTENCIA DICTADA POR EL TPI, ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO ORDENAR A LA SECRETARÍA DEL TRIBUNAL A RE-NOTIFICAR LA SENTENCIA A TODAS LAS PARTES DEL CASO, PARA QUE COMENZARAN A DECURSAR LOS TÉRMINOS PARA TRÁMITES POST SENTENCIA APLICABLES EN DERECHO, SEGÚN LE FUE SOLICITADO MEDIANTE MOCIÓN DE RECONSIDERACIÓN.

El 20 de octubre de 2025, emitimos una *Resolución* concediéndole a la parte recurrida hasta el 27 de octubre de 2025 para expresarse. Ese día, se cumplió con lo ordenado, por lo que nos damos por cumplidos y a su vez, decretamos perfeccionado al recurso.

Analizados los escritos de las partes y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

## II.

Los tribunales debemos ser celosos guardianes de nuestra jurisdicción, estando obligados a considerarla aun en ausencia de algún señalamiento al respecto de las partes. La razón para ello es que la jurisdicción delimita la potestad o facultad que los tribunales poseemos para atender una controversia ante nuestra consideración. Tal asunto debe ser resuelto con preferencia porque de carecer de jurisdicción para atenderlo, lo único que corresponde hacer es así manifestarlo. *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). El no tener la potestad para atender un asunto no puede ser corregido ni atribuido por el tribunal. *Constructora Estelar v. Aut. Edif. Púb.*, supra.

En aquellas instancias en las que un ente adjudicador dicta una sentencia sin ostentar jurisdicción en la persona o en la materia, su determinación es "jurídicamente inexistente." *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007). De ahí que, cuando un foro

adjudica un recurso sobre el cual carece de jurisdicción para entender en este, ello constituye una actuación ilegítima, disponiéndose que cuando la ley expresamente proscribe asumir jurisdicción, no existe una interpretación contraria. *Íd.*

De otro lado, un tribunal carece de jurisdicción para adjudicar una controversia cuando se presenta un recurso de forma prematura. Un recurso prematuro es aquel presentado en la secretaría de un tribunal antes de que el asunto esté listo para su adjudicación. De tal forma, un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado. *Padilla Falú v. A.V.P.*, 155 DPR 183, 192 (2001); *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000). Su presentación carece de falta de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación un foro apelativo no tiene autoridad judicial para acogerlo; menos para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa. *Juliá et al v. Epifanio Vidal, S. E.*, 153 DPR 357, 367 (2001). Como corolario de lo antes expuesto, la Regla 83 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 109-110, 215 DPR __ (2025), dispone lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
> (...)
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente. [...]

De otra parte, en *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019), nuestro alto foro reiteró la importancia y los requisitos de la notificación. Así, la notificación de un dictamen judicial es un requisito con el que se debe cumplir como parte del debido proceso de ley en su vertiente procesal, de manera que el ciudadano afectado

pueda enterarse de la decisión que se ha tomado en su contra. *Íd.*, a la pág. 501. Esta no solo es parte integral de una actuación judicial, sino que además determina cuándo comienza a de cursar los términos para recurrir de cualquier determinación final. *Íd.*, a las págs. 501-502. Por tanto, "una notificación defectuosa puede conllevar graves consecuencias, demoras e impedimentos en el proceso judicial, así como crear un ambiente de incertidumbre sobre cuándo comienza a transcurrir el término para acudir a un tribunal de mayor jerarquía para revisar el dictamen recurrido. [nota al calce omitida]". *Íd.*, a la pág. 502. En consecuencia, una notificación defectuosa impide que comience a transcurrir el término para recurrir de cualquier determinación final, ya sea judicial o administrativa. *Íd.*

Asimismo, la Regla 65.3 de las Reglas de las de Procedimiento Civil, 32 LPRA Ap. V., R. 65.3, dispone la forma en que un tribunal tiene que notificar sus órdenes y sentencias a las partes. Específicamente, la aludida norma señala:

> (a) ...
>
> (b) ...
>
> (c) En el caso de partes en rebeldía que hayan comparecido en autos, el Secretario o Secretaria le notificará toda orden, resolución o sentencia a la última dirección que se haya consignado en el expediente por la parte que se autorepresenta o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones, en cumplimiento con la Regla 9. En el caso de partes en rebeldía que fueron emplazadas personalmente y nunca comparecieron, se le notificará la sentencia a la última dirección conocida. En caso de desconocer la última dirección, se procederá a notificar la sentencia por edicto, de la misma forma como si la persona hubiera sido emplazada por edicto, según se describe a continuación. En el caso de partes en rebeldía que hayan sido emplazadas por edicto y que nunca hayan comparecido en autos o de partes demandadas desconocidas, el Secretario o Secretaria expedirá un aviso de notificación de sentencia por edictos para su publicación por la parte demandante. El aviso dispondrá que este debe publicarse una sola vez en un periódico de circulación general en Puerto Rico dentro de los diez (10) días siguientes a su notificación e informará a la parte demandada de la sentencia dictada y del término para apelar. Copia del aviso de notificación de sentencia publicado será notificada a la

parte demandada por correo certificado con acuse de recibo dentro del término de diez (10) días luego de la publicación del edicto a la última dirección conocida del demandado. Todos los términos comenzarán a computarse a partir de la fecha de la publicación del edicto, la cual deberá acreditarse mediante una declaración jurada del (de la) administrador(a) o agente autorizado(a) del periódico, acompañada de un ejemplar del edicto publicado.

[…]

### III.

De entrada, advertimos que es norma asentada que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. Esto, ya que la jurisdicción delimita la facultad que posee un tribunal para atender una controversia ante su consideración. *Constructora Estelar v. Aut. Edif. Púb.*, supra, a la pág. 22. Por ello, las cuestiones relativas a la jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia a cualquiera otras. *S.L.G. Szendrey-Ramos v. F. Castillo*, supra, a la pág. 882. Así, una vez el tribunal determina que no existe jurisdicción para atender el asunto solo procede la inmediata desestimación del recurso. *Íd.*, a la pág. 883. Por tal razón, adelantamos que carecemos de autoridad para examinar las contenciones de la parte peticionaria expuestas en el pleito de epígrafe. *Veamos.*

Según surge del expediente, el foro primario emitió una *Sentencia* el 19 de septiembre de 2023, que fue notificada al día siguiente a las corporaciones acumuladas a su última dirección conocida y al señor Ortiz Aponte, a la señora Albertorio Rivera y a la SLG mediante la publicación de un edicto.[11] No obstante, tras un análisis minucioso del expediente que obra en SUMAC del TPI, no encontramos que se haya remitido copia del aviso de notificación de sentencia al señor Ortiz Aponte y a la señora Albertorio Rivera a su última dirección conocida, conforme exige la Regla 65.3 (c) de las de Procedimiento Civil, *supra.* De igual forma, tampoco identificamos

---

[11] SUMAC TPI, Entrada núm. 30.

que la publicación del edicto se haya acreditado mediante una declaración jurada del administrador o agente autorizado del periódico, acompañada con un ejemplar del edicto publicado. Precisa enfatizar que dichos documentos no fueron incluidos como parte del expediente apelativo del recurso.

Por tanto, resulta forzoso concluir que en el presente caso no se realizó una notificación adecuada de la referida *Sentencia* a todas las partes, conforme requiere lo dispuesto en la Regla 65.3 (c) de las de Procedimiento Civil, *supra,* por lo que la misma es ineficaz en derecho. Surge del recurso que la parte peticionaria, aun cuando no acepta que existe tal defecto en la notificación, expresamente sugiere de esta *Curia* entender que está presente el mismo, que ordenemos la renotificación de la *Sentencia* para que comiencen a decursar los términos para los trámites post dictamen.[12] Asimismo, la parte recurrida reconoce, en su oposición ante nuestra consideración, que la *Sentencia* aludida no fue notificada conforme la Regla 65.3(c) de las de Procedimiento Civil, antes citada.[13]

En resumen, colegimos que estamos ante un recurso prematuro que no podemos adjudicar en los méritos según explicamos en el derecho precedente. Una vez el dictamen sea notificado, conforme a derecho, entonces esta surtirá efecto y los términos correspondientes para los fines de revisión del dictamen comenzaran a transcurrir.

**IV.**

Por los fundamentos antes expuestos, se desestima el presente recurso por falta de jurisdicción por prematuridad.

Notifíquese.

---

[12] *Véase,* el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), Entrada núm. 1, a las págs. 14-15 y 17-19.
[13] SUMAC TA, Entrada núm. 3, a las págs. 19-20 y 23.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones