Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| JOSELITO CRUZ CAMPOS<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCION Y REHABILITACION<br><br>Recurrida | KLRA202400621 | REVISION ADMINISTRATIVA procedente de la División de Remedios Administrativos<br><br>Caso núm.: B-815-24<br><br>Sobre: Pase Extendido |
|---|---|---|

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 18 de noviembre de 2024.

Comparece ante este Tribunal de Apelaciones, el Sr. Joselito Cruz Campos (el recurrente), por derecho propio, mediante el recurso de epígrafe y nos solicita que revoquemos la determinación de la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (Departamento o la recurrida) dictada el 23 de septiembre de 2024, notificada personalmente el 3 de octubre siguiente.[1] Mediante el referido dictamen, el Departamento solo expresó que la solicitud de pase extendido instada por el recurrente se encontraba bajo la consideración de la Autoridad Nominadora.

Por los fundamentos que detallamos a continuación, se desestima el recurso de epígrafe por falta de jurisdicción.

### I.

El recurrente se encuentra confinado en la Institución Bayamón 501 bajo la custodia del Departamento. Surge del presente

---

[1] El escrito fue acompañado con una *Solicitud y Declaración para que se exima de pago de arancel por razón de indigencia,* la cual declaramos Ha Lugar.

Número Identificador
SEN2024_____

recurso que este solicitó ser evaluado como candidato para el Programa de Pase Extendido con Monitoreo Electrónico. El 13 de marzo de 2024, el Departamento le indicó que su solicitud requería evaluación por el Comité de Derecho de las Víctimas. Inconforme con la respuesta, el recurrente presentó una Solicitud de Remedio Administrativo ante el Departamento, Solicitud núm. B-815-24, para que se le informara si el panel de víctimas estaba constituido.

El 23 de septiembre de 2024, el Departamento emite la *Resolución* recurrida en la cual indicó:

> Se orienta al recurrente que el 19 de agosto de 2024 se notificaron las **Instrucciones para el Manejo de los Casos Referidos a la Atención del Oficial de Enlace de Víctimas de Delito Cuando el Comité de Derechos de las Víctimas No Est[é] Debidamente Constituido**, por parte de la Sra. Ana Escobar Pabón, Secretaria del Departamento de Corrección y Rehabilitación.
>
> El Procedimiento establece que el Enlace de Víctimas de Delitos notificar[á] vía correo certificado a las víctimas de delito una misiva que le informa el programa por el cual fue evaluado y cualifica el miembro de la población correccional. En un periodo de tiempo que se establece en la misiva debe contestar. Una vez se obtengan las respuestas y/o no respondan en el tiempo establecido se prepara el expediente para ser considerado por la Secretaria del Departamento de Corrección o quien se le delegue tomar[á] la determinación final sobre la participación en los Programa[s] de Desvíos y Comunitarios y/o Reinserción Comunitaria.
>
> El caso del recurrente se encuentra bajo la consideración de la Autoridad Nominadora. [Énfasis en el original]

Aún inconforme con dicha determinación, el recurrente instó el recurso que nos ocupa imputándole al Departamento no haber actuado razonablemente al enviar las misivas y las instrucciones. Añadió que ha transcurrido más de dos (2) meses y "aun … no [h]a recibido una determinación final."

Evaluado el escrito y, conforme a la decisión arribada, prescindimos de la comparecencia de la parte recurrida, según nos faculta la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA, Ap. XXII-B, R. 7(B)(5).

**II.**

Los tribunales debemos ser celosos guardianes de nuestra jurisdicción, estando obligados a considerarla aun en ausencia de algún señalamiento al respecto de las partes. La razón para ello es que la jurisdicción delimita la potestad o facultad que los tribunales poseemos para atender una controversia ante nuestra consideración. Tal asunto debe ser resuelto con preferencia porque de carecer de jurisdicción para atenderlo, lo único que corresponde hacer es así manifestarlo. *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 883 (2007). El no tener la potestad para atender un asunto no puede ser corregido ni atribuido por el tribunal. *Constructora Estelar, S.E. v. Aut. Edificios Públicos*, supra.

En aquellas instancias en las que un ente adjudicador dicta una sentencia sin ostentar jurisdicción en la persona o en la materia, su determinación es "jurídicamente inexistente." *Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007). De ahí que, cuando un foro adjudica un recurso sobre el cual carece de jurisdicción para entender en este, ello constituye una actuación ilegítima, disponiéndose que cuando la ley expresamente proscribe asumir jurisdicción, no existe una interpretación contraria. *Íd.*

De otro lado, un tribunal carece de jurisdicción para adjudicar una controversia cuando se presenta un recurso de forma prematura. Un recurso prematuro es aquel presentado en la secretaría de un tribunal <u>antes de que el asunto esté listo para su adjudicación</u>. De tal forma, un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado. *Padilla Falú v. A.V.P.*, 155 DPR 183, 192 (2001); *Rodríguez v. Zegarra,* 150 DPR 649, 654 (2000). Su presentación carece de falta de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación un foro apelativo no tiene autoridad judicial para acogerlo; menos para

conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa. *Juliá et al v. Epifanio Vidal, S. E.*, 153 DPR 357, 366 (2001).

Como corolario de lo antes expuesto, el Reglamento del Tribunal de Apelaciones dispone en la Regla 83, 4 LPRA Ap. XXII-B, R. 83, lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
> (…)
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

Por otro lado, la función rectora de la revisión judicial "es asegurarse de que las agencias actúan dentro del marco del poder delegado y consistentes con la política legislativa". *Pagán Santiago, et al v. ASR*, 185 DPR 341, 258 (2012). En ese sentido, el Tribunal de Apelaciones posee competencia para atender, mediante recurso de revisión judicial, la revisión de las decisiones, órdenes y resoluciones **finales** de organismos o agencias administrativas. Artículo 4.006 inciso (c) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley núm. 201-2003, según enmendada, 4 LPRA sec. 24y. De igual manera dispone la Regla 56 del Reglamento del Tribunal de Apelaciones. 4 LPRA Ap. Ap. XXII-B, R. 56.

Asimismo, la Sección 4.2 de la Ley núm. 38-2017, conocida como Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAUG), 3 LPRA sec. 9672, dispone:

> "Una parte adversamente afectada por una orden o **resolución final de una agencia** y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la

presentación oportuna de una moción de reconsideración. [...]." [Énfasis nuestro]

En consecuencia, la decisión, resolución o dictamen de la agencia administrativa debe ser final para ser revisable ante esta *Curia.* "La Asamblea Legislativa limitó la revisión judicial exclusivamente a las órdenes finales de las agencias. Al así hacerlo, se aseguró de que la intervención judicial se realizará después de que concluyeran los trámites administrativos y se adjudicaran todas las controversias pendientes ante la agencia. La intención legislativa consistió en evitar una intromisión indebida y a destiempo en el trámite administrativo por parte de los tribunales." *Comisionado de Seguros v. Universal,* 167 DPR 21 (2006). La norma prevaleciente en casos de falta de jurisdicción por prematuro es la de autolimitación judicial.

**III.**

Examinado el recurso ante nuestra consideración, debemos primeramente auscultar si tenemos jurisdicción para atenderlo en los méritos.

Del escrito instado así como de la *Resolución* recurrida, surgen que la parte recurrida no ha emitido un dictamen final respecto a la solicitud para que el recurrente sea considerado como candidato al Programa de Pase Extendido con Monitoreo Electrónico. Al respecto, en la *Resolución* objetada meramente se informa el trámite en el cual se encuentra dicha petición. Así las cosas, el trámite administrativo está inconcluso por lo que no se ha adjudicado finalmente la solicitud del recurrente ante la agencia.

Como indicamos, ante la ausencia de una resolución final del Departamento, carecemos de jurisdicción para atender el recurso presentado.

**IV.**

Por los fundamentos antes mencionados, se desestima el recurso de epígrafe por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS<br>
Secretaria del Tribunal de Apelaciones