ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **REDMANE TECHNOLOGY, LLC**<br><br>Recurrente<br><br>vs.<br><br>**DEPARTAMENTO DE SALUD y D2SOL, INC., et als**<br><br>Recurrido | KLRA202400705 | **REVISIÓN** procedente de la Revisión de Adjudicación de Propuesta<br><br>Propuesta número: 2024-PRMP-MES-EE-004<br><br>Sobre: Revisión de Adjudicación de Propuesta Número 2024-PMP-MES-EE-004 para Puerto Rico, Medicaid Program Cúram Elegilibity an Enrollment (E&E) System Takeover |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

Cintrón Cintrón, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 31 de enero de 2025.

Comparece ante este Tribunal de Apelaciones RedMane Technology, LLC (RedMane o recurrente) y solicita que revoquemos el *Award Notification Elegibility and Enrollment System Takeover 2024-PRMP-MES-EE-004,* emitido y notificado el 14 de noviembre de 2024, por el Departamento de Salud de Puerto Rico (DSPR). Mediante el mismo, se otorgó la *buena pro* de la solicitud de propuestas a D2Sol, Inc. (D2Sol).

Ahora bien, a poco examinar el dictamen recurrido, nos percatamos que este no cumplió con las obligaciones que el debido proceso de ley exige para toda notificación de adjudicación de requerimiento de propuestas. En vista de ello, nos vemos precisados a desestimar el recurso de epígrafe por prematuro y devolver el caso al DSPR para que dicho organismo emita y notifique nuevamente la

adjudicación del *Request for Proposal (RFP)* concernido, a tenor con los requisitos legales correspondientes.

**I.**

Según surge del expediente, el 22 de julio de 2024, el DSPR publicó el *Puerto Rico Medicaid* Program *Elegibility and Enrollment System Takeover Request for Proposal.* Ello, a los fines de recibir propuestas para la prestación de servicios profesionales de un proveedor cualificado de sistemas de inscripción y elegibilidad para tomar el control y operar el sistema existente de Cúram del Programa Medicaid Puerto Rico. Las siguientes firmas participaron en la presentación de propuestas: (1) RedMane; (2) D2Sol y (3) Trillian Technologies, Inc.

Luego de evaluar las ofertas presentadas a su consideración, el DSPR emitió la decisión aquí impugnada, mediante la cual notificó la selección de la empresa D2Sol. Precisó que las propuestas sometidas fueron evaluadas por un comité del DSPR designado en dos (2) partes, una técnica y otra de costo, utilizando una metodología de peso/puntuación con un máximo total de 1,000 puntos. D2Sol obtuvo una puntuación de 794.62; RedMane obtuvo 772, mientras que Trillian no pasó el umbral del mínimo de 70% aceptable en una puntuación técnica, por ende, su propuesta no cualificó para el análisis final sobre el costo.

En lo pertinente, la notificación del aviso de adjudicación expresó lo siguiente:

> *ADMINISTRATIVE REVISION/JUDICIAL REVIEW – TERMS*
>
> *Any person or party adversely affected or aggrieved by this intention of award may, according to 3 LPRA § 9659, file a motion for reconsideration with the secretary of the Puerto Rico Department of Health (PRDoH) within a term of ten business (10) days from the date of the notification of the award. The PRDoH must consider the motion for reconsideration within ten (10) business days of being filed. If any determination is made in its consideration, the term to request the appeal for judicial review will begin from the date on which a copy of the notification of*

*the decision of the PRDoH is filed on record, according to the case, resolving the motion for consideration. If the filing date of the copy of the notification of the decision is different from that of the deposit in the ordinary mail or the sending by electronic means of said notification, the term will be calculated from the date of the deposit in the ordinary mail or sending by electronic means, as appropriate. If the PRDoH fails to take any action in relation to the motion for reconsideration within ten (10) days of its filing, it shall be understood that the motion was denied outright, and the time to request judicial review shall start to run from said date.*

*If the PRDoH accepts the reconsideration request within the term provided, it must issue the reconsideration decision or resolution within thirty (30) days following the filing of the motion for reconsideration. If the PRDoH accepts the motion for reconsideration but fails to take any action in relation to the motion within thirty (30) days of its filing, it will lose its jurisdiction and the term to request the judicial review will begin from the expiration of said term of thirty (30) days. The PRDoH may extend said term only once, for an additional period of fifteen (15) days. Any person or party adversely affected by a final reconsideration or decision may file a petition for review with the Puerto Rico Court of Appeals within a term of twenty (20) business days of such final decision or determination being filed. See 3 LPRA § 9672.*

*The mere presentation of a motion for reconsideration PRMP from continuing with the procurement process does not have the effect of preventing the within this request for Proposal.*

En desacuerdo, el 21 de noviembre de 2024, Trillian solicitó reconsideración ante el DSPR, mientras que RedMane hizo lo propio el 3 de diciembre de 2024. El DSPR se opuso a ambas mociones en un escrito presentado el 23 de diciembre de 2024.

Así las cosas, el 26 de diciembre de 2024, RedMane incoó el recurso de revisión judicial bajo nuestra consideración. En este le imputó al DSPR la comisión de los siguientes errores:

ERRÓ EL PROGRAMA DE MEDICAID DEL DEPARTAMENTO DE SALUD AL ADJUDICAR LA BUENA PRO DE LA 2024- PRMP-MES-EE-004 A D2SOL, INC. AUN CUANDO FUE UN PROPONENTE NO RESPONSABLE Y NO RESPONSIVO, ERRORES INSUBSANABLES.

ERRÓ EL PROGRAMA DE MEDICAID DEL DEPARTAMENTO DE SALUD AL ADJUDICAR LA BUENA PRO DE LA 2024-PRMP-MES-EE-004 A D2SOL, INC. Y EL COMITÉ EVALUADOR EN SU ANÁLISIS DE CRITERIOS, PROPUESTAS Y DEL EXPEDIENTE, DE FORMA ILEGAL, IRRAZONABLE,

ARBITRARIA, CAPRICHOSA, CONSTITUTIVA DE UN CRASO ABUSO DE DISCRECIÓN.

ERRÓ EL PROGRAMA DE MEDICAID DEL DEPARTAMENTO DE SALUD EN ADJUDICAR LA BUENA PRO DE LA 2024-PRMP-MES-EE-004 A D2SOL, INC. A PESAR DE LA ILEGALIDAD DE ALGUNOS ELEMENTOS DEL RFP, DE LAS POLÍTICAS Y PROCEDIMIENTOS Y DEL PROCESO.

ERRÓ EL PROGRAMA DE MEDICAID DEL DEPARTAMENTO DE SALUD AL NEGAR ACCESO AL EXPEDIENTE DE ADJUDICACIÓN A LOS PROPONENTES UNA VEZ ADJUDICADA LA PROPUESTA.

Junto a su recurso, RedMane instó una *Urgente Moción en Solicitud de Orden de Paralización en Auxilio de Jurisdicción*, con el propósito de que paralizáramos los procedimientos ante el DSPR hasta que resolviéramos el asunto traído a nuestra atención en el recurso de epígrafe. El 26 de diciembre de 2024, un panel hermano de este Tribunal, emitió una *Resolución*, mediante la cual denegó el petitorio de RedMane y concedió un término para que la parte recurrida se expresara en cuanto al recurso.[1] D2Sol instó su alegato en oposición el 15 de enero de 2025.

El 23 de enero de 2025, el DSPR solicitó la desestimación del recurso de referencia, por falta de jurisdicción por prematuro. En esencia, reconoció que la notificación de la subasta fue defectuosa, por catalogar los términos aplicables para reconsiderar y solicitar revisión judicial como días laborables y no calendarios, según establece la Ley Núm. 38 de 30 de junio de 2017, según enmendada, *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAUG), 3 LPRA sec. 9672. Por consiguiente, arguyó que procedía la desestimación del recurso incoado por RedMane.

Por otra parte, el mismo 23 de enero de 2025, Trillian presentó una *Urgente Moción Informativa y en Solicitud de Remedios*. Alegó

---

[1] RedMane acudió al Tribunal Supremo de Puerto Rico para revisar la *Resolución* de este Foro dictada el 26 de diciembre de 2024. El 17 de enero de 2025, el Tribunal Supremo denegó tanto el recurso de *certiorari* como la moción en auxilio de jurisdicción.

que, estaba de acuerdo con que el DSPR no realizó el aviso de adjudicación conforme a derecho, por lo cual es nulo de su faz. Requirió que se declarara toda determinación emitida posteriormente por el DSPR sin jurisdicción, ordenara la paralización de todo proceso de emitir contrataciones, junto a cualquier otro pronunciamiento que por ley procediera. Trillian también instó su alegato en oposición al recurso de referencia.

El 28 de enero de 2025, D2Sol presentó una *Moción en Torno a Escrito en Cumplimiento de Resolución y Solicitud de Desestimación Presentado por el Departamento de Salud.* En su comparecencia, expresó que, este Foro tiene la facultad de atender los méritos del recurso, independientemente del defecto en la notificación de la adjudicación. Lo anterior, porque, a su entender, no existe evidencia de que ninguna parte haya sido afectada por el mencionado defecto y que ello no debe implicar un perjuicio para la parte recurrente, en este caso, RedMane. En particular, esbozó que la notificación que instruyó a las partes adversamente afectadas a presentar sus recursos utilizando días laborables en lugar de días calendario les otorgó más tiempo para dicha acción, por lo que entiende que dicho error no perjudicó a las partes, sino más bien les proporcionó una ventaja en cuanto al plazo para recurrir. Añadió que RedMane instó su recurso en o antes de la fecha notificada, lo que refuerza que no hubo perjuicio alguno derivado del defecto en la notificación. Por último, adujo que la desestimación del recurso para que se emita una nueva notificación corregida contraviene el interés público de garantizar la celeridad en la adjudicación de controversias.

**II.**

En nuestra jurisdicción, la contratación gubernamental de todo tipo de servicios está revestida del más alto interés público, pues persigue fomentar la inversión adecuada, responsable y eficiente de los recursos del Estado. *St. James Sec. v. AEE,* 2023

TSPR 149, 213 DPR ___ (2023), citando a *SLG Ortiz-Mateo v. ELA,* 211 DPR 772 (2023) y otros. La subasta tradicional y el requerimiento de propuestas (*Request for Proposal o RFP*) son métodos mediante los cuales, tanto el gobierno central, como el municipal adquieren bienes y servicios para así proteger el erario y garantizar que se realicen sus funciones administrativas responsablemente. *St. James Sec. v. AEE,* supra*; R&B Power v. E.L.A.,* 170 DPR 606, 621 (2007).[2] El *Request for Proposal* se diferencia de la subasta habitual por ser un procedimiento excepcional, informal y flexible que permite al oferente negociar con el gobierno central o municipal y enmendar o revisar las ofertas antes de la adjudicación de un contrato de adquisición de bienes y servicios. *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 531-532 (2019).[3]

Al presente no hay una ley que reglamente de forma expresa los *RFP* o las subastas formales. *Puerto Rico Eco Park v. Mun. de Yauco,* 202 DPR 525, 531 (2019). No obstante, la LPAUG instituye ciertos aspectos relacionados a éstos. En particular, la Sección 3.19 del referido cuerpo legal, 3 LPRA sec. 9659, gobierna lo relacionado al proceso de revisión de la adjudicación de subastas. Esta explica

---

[2] Un requerimiento de propuestas "participa de características adjudicativas de la misma forma que la subasta tradicional". *R&B Power v. E.L.A.,* supra, pág. 624. Ahora bien, debido a su naturaleza informal y flexible, y la erogación de fondos públicos que implica, es importante que su uso no se convierta en la norma como un escape a la competencia secreta de la subasta tradicional. *Íd.,* pág. 625. El *RFP* es comúnmente utilizado cuando se trata de bienes o servicios especializados que involucran aspectos altamente complejos o cuando existen escasos competidores cualificados. *ECA Gen. Contrac. v. Mun. de Mayagüez,* 200 DPR 665, 674 (2018); *CD Builders v. Mun. Las Piedras,* 196 DPR 336, 345 (2016). Nuestra jurisprudencia ha destacado que del *RFP* deben surgir "los requerimientos, los términos y las condiciones, así como los factores que han de considerarse en la evaluación para la adjudicación de la subasta". *Íd.,* pág. 346.

[3] Es por todos conocido que las agencias administrativas, de ordinario, se encuentran en mejor posición que los tribunales para evaluar las propuestas o licitaciones ante su consideración, de acuerdo con los parámetros establecidos por la ley y los reglamentos aplicables. *CD Builders v. Mun. Las Piedras,* supra, pág. 349. Ello, toda vez que, en el ejercicio de sus facultades y su *expertise,* a las agencias "se les reconoce discreción al momento de considerar las licitaciones, rechazar propuestas y adjudicar la subasta a favor de la licitación que estime se ajusta mejor a las necesidades particulares de la agencia y al interés público en general". *Íd.* Como consecuencia, los tribunales no debemos intervenir con la adjudicación de una subasta o el rechazo de una propuesta, salvo que la determinación administrativa adolezca de un abuso de discreción, arbitrariedad o irracionabilidad. *CD Builders v. Mun. Las Piedras,* supra, pág. 349.

que "los procedimientos de adjudicación de subastas serán informales; su reglamentación y términos serán establecidos por las agencias, pero siempre en estricto cumplimiento con la legislación sustantiva que aplica a las compras del Gobierno de Puerto Rico y sin menoscabo de los derechos y obligaciones de los licitadores bajo la política pública y leyes vigentes en la jurisdicción de Puerto Rico."

La Sección 3.19, según enmendada[4], intitulada *Procesos de Licitación Pública; Procedimiento y término para solicitar revisión administrativa en la adjudicación de procesos de licitación pública*[5], expone, en lo concerniente, lo siguiente:

> La parte adversamente afectada por una determinación en un proceso de licitación pública podrá presentar una solicitud de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales dentro del término de diez (10) días calendario, contados a partir del depósito en el correo federal o la notificación por correo electrónico, lo que ocurra primero, de la adjudicación del proceso de licitación pública. La Junta Revisora de Subastas de la Administración de Servicios Generales deberá determinar si acoge o no la solicitud de revisión administrativa, dentro del término de diez (10) días calendario de haberse presentado la solicitud de revisión administrativa. Si dentro de ese término, la Junta Revisora de la Administración de Servicios Generales determina acoger la misma, tendrá un término de treinta (30) días calendario adicionales para adjudicarla, contados a partir del vencimiento de los diez (10) días calendario que tenía para determinar si la acogía o no. La Junta Revisora de la Administración de Servicios Generales podrá extender el término de treinta (30) días calendario, una sola vez, por un término adicional de quince (15) días calendario.
>
> [...] La presentación del recurso de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales será un requisito jurisdiccional antes de presentar un recurso de revisión judicial ante el Tribunal de Apelaciones.

---

[4] El 12 de agosto de 2024, la Sección 3.19 de la LPAUG fue enmendada por la Ley Núm. 153-2024, a los fines de conciliar los términos de revisión conforme a lo establecido en la Ley Núm. 48-2024; y para otros fines relacionados.

[5] Los procesos de licitación pública se celebrarán de conformidad a la Ley 73-2019, según enmendada, salvo los procesos de licitación pública municipal que se realizarán de conformidad a la Ley 107-2020, según enmendada. Las agencias administrativas bajo la definición de Entidades Exentas para fines de la Ley 73-2019, vendrán obligadas a adoptar los métodos de licitación y compras excepcionales y a seguir los procedimientos establecidos en la Ley 73-2019, al momento de realizar sus compras y subastas de bienes, obras y servicios no profesionales. Las Entidades Exentas de la Ley 73-2019, deberán además cumplir con los términos y procesos que se establecen en esta Ley y en la Ley 73-2019.

La parte adversamente afectada tendrá un término jurisdiccional de veinte (20) días calendario para presentar un recurso de revisión judicial ante el Tribunal de Apelaciones, contados a partir del depósito en el correo federal o de remitida la determinación por correo electrónico, lo que ocurra primero, ya sea de la adjudicación de la solicitud de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales, o cuando venza el término que tenía la Junta Revisora de Subastas de la Administración de Servicios Generales para determinar si acogía o no la solicitud de revisión administrativa. La notificación de la adjudicación del proceso de licitación pública deberá incluir las garantías procesales establecidas en la Ley 73-2019 relativas a los fundamentos para la adjudicación y el derecho y los términos para solicitar revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales y revisión judicial.

[...]

Por otra parte, las subastas tradicionales, así como los requerimientos de propuestas que adjudique una entidad gubernamental, se rigen por las disposiciones de la LPAUG. La Sección 4.2 del mencionado cuerpo legal, 3 LPRA sec. 9672, dispone que:

Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. La notificación podrá hacerse por correo. Si la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia o del organismo administrativo apelativo correspondiente es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.

En los casos de impugnación de procesos de licitación pública, la parte adversamente afectada por una orden o resolución final de la Junta Revisora de Subastas de la Administración de Servicios Generales podrá presentar una solicitud de revisión judicial ante el

> Tribunal de Apelaciones dentro de un término de veinte (20) días calendario contados a partir del archivo en autos de la copia de la notificación de la orden o resolución final de la Junta Revisora de Subastas de la Administración de Servicios Generales o dentro del término de veinte (20) días calendario de haber transcurrido el plazo dispuesto por la Sección 3.19 de esta Ley. La mera presentación de una solicitud de revisión al amparo de esta Sección no tendrá el efecto de paralizar la adjudicación del proceso de licitación pública impugnado.

[…]

De otro lado, el derecho de revisión judicial que poseen los licitadores es parte del debido proceso de ley. *St. James Sec. v. AEE*, supra; *PVH Motor v. ASG*, 209 DPR 122, 132 (2022). Para que un tribunal pueda cumplir con su obligación constitucional y asegurar que el derecho a obtener la revisión judicial de una decisión de una agencia sea efectivo, es imprescindible exigir que la misma esté fundamentada, aunque sea de forma sumaria, y que las notificaciones que se realicen durante estos procesos sean efectuadas correctamente a todas las partes. *PVH Motor v. ASG*, supra; *Puerto Rico Asphalt v. Junta*, 203 DPR 734 (2019) (Sentencia), citando a *L.P.C. & D., Inc. v. A.C.*, 149 DPR 869, 877-888 (1999). Asimismo, "se debe advertir del derecho de las partes a procurar la revisión judicial; el término disponible para hacerlo y la fecha del archivo en autos de una copia de la notificación". *PVH Motor v. ASG*, supra, pág. 132. Lo anterior permite que los tribunales, al revisar la determinación de la agencia administrativa, puedan asegurarse de que la decisión no fue una arbitraria, caprichosa o irrazonable, máxime en el caso de subastas públicas, en virtud de las cuales se desembolsan fondos públicos. *L.P.C. & D., Inc. v. A.C.*, supra, a las págs. 878-879.[6]

---

[6] Precisamente en *L.P.C. & D., Inc. v. A.C.*, el Tribunal Supremo de Puerto Rico resolvió que la notificación de la adjudicación de una subasta por lo menos debe incluir: los nombres de los licitadores en la subasta y una síntesis de sus propuestas; los factores o criterios que se tomaron en cuenta para adjudicar la subasta; los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos y la disponibilidad y el plazo para solicitar la reconsideración y la revisión judicial. *Íd.*

Ahora bien, debemos tener presente que una notificación defectuosa de una determinación tomada por las agencias administrativas priva de jurisdicción al foro revisor para entender el asunto en disputa, lo que impide que comience a transcurrir el término para recurrir de cualquier determinación administrativa y, consecuentemente, violenta el derecho al debido proceso de ley de la parte afectada. *PVH Motor v. ASG*, supra, pág. 132.

**III.**

En el caso bajo nuestra consideración, atenderemos en primer orden el asunto jurisdiccional planteado por el DSPR, relacionado a la notificación defectuosa de la adjudicación del RFP número *2024-PRMP-MES-EE-004*. Según mencionado, la agencia aduce que la notificación de la adjudicación del RFP es nula, por clasificar erróneamente los términos para la revisión judicial como "días laborables", en lugar de "días calendario". Ante ello, esgrime que este Tribunal carece de jurisdicción para atender el recurso de referencia en sus méritos y debe desestimarlo.

Según adelantado, luego de examinar con detenimiento el expediente, los argumentos de las partes y los anejos pertinentes, notamos que estamos privados de jurisdicción en este caso. Resulta evidente que el DSPR cometió un error en la notificación del RFP concernido, específicamente en las advertencias a las partes adversamente afectadas para presentar un recurso administrativo y/o judicial. Al momento de dictar el *Award Notification Elegibility and Enrollment System Takeover*, la LPAUG disponía de forma clara que los términos para dichos trámites se computan en "días calendario" y no "días laborables".

Como vemos, la inobservancia por parte del DSPR provocó que la notificación emitida el 14 de noviembre de 2024 no se pueda considerar como una adecuada, válida y efectiva, pues para ello resultaba indispensable que se plasmara la información que

nuestro estado de derecho especifica, en particular, la manera correcta en la que se computan los términos para impugnar la adjudicación del RFP. Por consiguiente, la notificación de adjudicación de la solicitud de propuestas aquí en controversia fue una defectuosa.

Ante la inobservancia de los postulados que gobiernan el asunto ante nuestra consideración, nos vemos precisados a devolver el caso al DSPR para que emita un dictamen conforme a nuestro ordenamiento jurídico y lo notifique nuevamente a los licitadores. Solo así la parte perjudicada podrá formular una apropiada defensa y este Foro apelativo podrá revisar y resolver los méritos de la causa. *L.P.C. & D., Inc. v. A.C.,* supra, a la pág. 879. En suma, resulta forzoso concluir que no tenemos jurisdicción para atender el recurso de epígrafe, pues resulta prematuro.[7]

**IV.**

Por los fundamentos anteriormente expuestos, se declara *ha lugar* la moción de desestimación que instó el DSPR. En consecuencia, se desestima el recurso de autos por prematuro. Véase, Regla 83(B)(1) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 83(B)(1). Se devuelve el caso ante la consideración del DSPR para que emita una correcta notificación de adjudicación del RFP.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[7] La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. Por ello, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Management Group, Inc. v. Oriental Bank,* 204 DPR 374, 385-386 (2020). Los tribunales deben ser celosos guardianes de su jurisdicción y no pueden asumirla donde no la tienen. *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007). Por consiguiente, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primacía. *Íd.* A tenor con lo anterior, un tribunal carece de jurisdicción para adjudicar una controversia cuando se presenta un recurso de forma prematura. Un recurso prematuro se presenta en la Secretaría de un tribunal antes de que el asunto esté listo para su adjudicación, por lo que adolece del grave e insubsanable defecto de falta de jurisdicción. *Padilla Falú v. AVP,* 155 DPR 183, 192 (2001).