Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| CARLOS ROSALY MOLINA, H/N/C TALLER Y PIEZAS ROSALY<br><br>Recurrente<br><br>Vs.<br><br>MUNICIPIO AUTÓNOMO DE SAN JUAN, REPRESENTADO POR SU ALCALDE, HON. MIGUEL ROMERO LUGO<br><br>Recurrido | KLRA202500299 | *REVISIÓN ADMINISTRATIVA* procedente de la Oficina de Permisos del Municipio Autónomo de San Juan<br><br>Caso Núm. 2025-619236-PU-391691<br><br>Sobre: Solicitud de Permiso Único |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de junio de 2025.

Comparece Carlos Rosaly Molina (recurrente) mediante el presente recurso de revisión administrativa, solicita la revocación de una subsanación emitida por Oficina de Permisos del Municipio de San Juan (parte recurrida) el 28 de abril de 2025.

Por los fundamentos que expondremos a continuación, *desestimamos* el presente recurso por falta de jurisdicción.

**-I-**

El 24 de febrero de 2025 el recurrente presentó una solicitud de permiso único en la Oficina de Permisos del Municipio de San Juan para la operación de un taller de mecánica. El 27 de marzo de 2025 la parte recurrida emitió una subsanación regular. El recurrido solicitó a la parte recurrente una copia de la escritura de la propiedad donde radica el taller. Inconforme con la subsanación, el 31 de marzo de 2025 el recurrente presentó una Revisión Administrativa Expedita en la División de Revisiones

Administrativa de la parte recurrida. Argumentó que, la solicitud de la parte recurrida era innecesaria, caprichosa y arbitraria. En segundo lugar, argumentó que, erró la parte recurrida al solicitar un documento adicional en una solicitud de migración del permiso vigente al Permiso Único. El 15 de abril de 2025, la División determinó que, la subsanación no cumplió con los requisitos de forma estipulados en el Artículo 8.4 de la Ley Núm. 161-2019, según emendada, *Ley para la reforma del proceso de permisos de Puerto Rico*. La División ordenó a la parte recurrida a cumplir con el artículo al emitir una nueva subsanación. El 28 de abril de 2025 la parte recurrida emitió una nueva subsanación mediante la cual archivó la solicitud del recurrente por falta de legitimación activa.

Inconforme, el 27 de mayo de 2025 el recurrente compareció ante este foro apelativo y señaló el siguiente error:

> Erró la Oficina de Permisos del Municipio Autónomo de San Juan al archivar la solicitud luego de la Revisión de la División de Revisiones Administrativas y sin la debida notificación a la parte recurrente.

Conviene mencionar que del expediente administrativo se desprende que luego de la presentación del recurso ante nuestra consideración, el 11 de junio de 2025, la Oficina de Permisos del Municipio de San Juan emitió una Resolución mediante la cual archivó la solicitud incoada por el recurrente.

El 23 de junio de 2025 la parte recurrida compareció mediante alegato en oposición. Solicitó que se confirmara la determinación recurrida. Entiéndase, la determinación del 28 de abril de 2025. Incluyó junto al alegato, el expediente administrativo de la solicitud del recurrente.

Procedemos a resolver con el beneficio de la comparecencia de las partes, el contenido del expediente administrativo y el derecho aplicable.

**-II-**

**-A-**

Los tribunales debemos ser celosos guardianes de nuestra jurisdicción, estando obligados a considerarla aún en ausencia de algún señalamiento de las partes al respecto. La razón para ello es que la jurisdicción delimita la potestad o facultad que los tribunales poseemos para atender una controversia ante nuestra consideración. Tal asunto debe ser resuelto con preferencia porque, de carecer de jurisdicción para atender un asunto, lo único que corresponde hacer es así manifestarlo. *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007).

La *jurisdicción* es el poder o autoridad con el que cuenta un tribunal para decidir los méritos de controversias ante su consideración. *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020). Por tanto, los asuntos jurisdiccionales deben atenderse con primacía pues, un dictamen emitido sin jurisdicción es nulo. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). La falta de jurisdicción para atender un asunto no puede ser corregido ni atribuido por el tribunal. Si el tribunal no tiene jurisdicción debe desestimar sin entrar en los méritos del asunto. *Beltrán Cintrón et al. v. ELA et al.*, supra, pág. 102; *Torres Alvarado v. Madera Atiles*, supra, pág. 501. El tribunal carece de jurisdicción cuando se presente un recurso de forma *prematura*. Un *recurso prematuro* es aquel presentado en la Secretaría de un tribunal antes de que el asunto esté listo para su adjudicación. Un *recurso prematuro*, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado. *Padilla Falú v. A.V.P.,* 155 DPR 183, 192 (2001); *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000). Su presentación carece de falta de eficacia y no produce ningún efecto jurídico, pues en el momento de su

presentación el foro apelativo no tiene autoridad judicial para acogerlo. *Julia Padró et al v. Epifanio Vidal, S. E.*, 153 DPR 357, 366 (2001).

La Regla 83 de nuestro Reglamento, 4 LPRA XXII-B, establece que:

(A) [...]

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

(1) que el Tribunal de Apelaciones carece de jurisdicción;

[...]

(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

### -B-

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley Núm. 38-2017, 3 LPRA sec. 9601 *et seq.,* autoriza la revisión de las decisiones, órdenes y resoluciones finales de las agencias gubernamentales. Secs. 4.1 y 4.6 de la LPAU, 3 LPRA secs. 9671 y 9676. La Sec. 4.2 de la LPAU, 3 LPRA sec. 9672. La LPAU define *Orden* o *Resolución final* como "cualquier decisión o acción agencial de aplicación particular que adjudique derechos u obligaciones de una o más personas específicas, o que imponga penalidades o sanciones administrativas excluyendo órdenes ejecutivas del Gobernador". Sec. 1.3 de la LPAU, 3 LPRA sec. 9603.

Una parte adversamente afectada por una *Orden* o *Resolución* final y que agote todos los remedios provistos por la agencia, podrá presentar una solicitud de revisión judicial ante este Tribunal de Apelaciones, dentro de un término jurisdiccional de 30 días, contados a partir de la fecha del archivo en autos de la copia de la notificación de la *Orden* o *Resolución* final de la agencia.

Sec. 4.2 de la LPAU; *Asoc. Condómines v. Meadows Dev.,* 190 DPR 843, 847 (2014). Las excepciones al requisito de agotar remedios administrativos son: (1) cuando el remedio sea inadecuado; o (2) cuando el requerir su agotamiento resultare en un daño irreparable, y en el balance de intereses no se justifica agotar los remedios disponibles; o (3) cuando se alegue la violación sustancial de derechos constitucionales; o (4) cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos; o (5) cuando sea un caso claro de falta de jurisdicción de la agencia; o (6) cuando sea un asunto estrictamente de derecho lo cual hace innecesaria la pericia administrativa. Sec. 4.3 de la LPAU, 3 LPRA sec. 9673; *Autoridad de Acueductos v. Unión Independiente Auténtica,* 200 DPR 903 (2018).

### *-III-*

La Oficina de Permisos del Municipio Autónomo de San Juan emitió una primera subsanación regular. Solicitó al recurrente la escritura de la propiedad donde radica el taller. La parte recurrida asevera que, el terreno donde ubica el taller pertenece al Municipio de San Juan. Conforme ordenado por la División, la parte recurrida emitió una segunda *subsanación* regular el 28 de abril de 2025, en la cual notificó el archivo de la solicitud de Permiso Único por falta de legitimación activa. La parte recurrida concluyó que, cualquier autorización o trámite debe ser promovido por el dueño, optante o arrendatario de la propiedad.

A la luz de lo anterior, el recurrente el 27 de mayo de 2025 presentó el recurso de revisión judicial que nos ocupa. El 23 de junio de 2025 la parte recurrida compareció mediante alegato en

oposición. Incluyó junto al alegato el expediente administrativo relacionado a la solicitud del recurrente.[1]

Según discutido, solo están sujetas a revisión judicial las *Órdenes* o *Resoluciones* finales de las agencias.[2] Para que, una *Orden* o *Resolución* sea final, ésta debe resolver las controversias al adjudicar los derechos u obligaciones de una o más personas específicas. En el presente recurso, de un examen de la *subsanación* se desprende claramente que, la determinación no cumple con este criterio. Únicamente dispone un asunto interlocutorio. Dicho de otra forma, la determinación recurrida, que fue emitida el 28 de abril de 2025, no era una que diera finalidad a la controversia y menos aún, que fuese una revisable de acuerdo a nuestro ordenamiento jurídico.

Recordemos que, antes de acudir ante este foro apelativo mediante una revisión judicial, el recurrente debe asegurar: (1) que la *Orden* administrativa es final, y no interlocutoria; y (2) haber agotado todos los remedios provistos por la agencia. No obstante, advertimos que, la parte recurrente no cumple con estos requisitos. La disposición interlocutoria en cuestión podrá ser objeto de un señalamiento de error en el recurso de revisión de la resolución final de la agencia. Véase, Art. 11.10, Ley Núm. 161-2009, 23 LPRA sec. 9021v.

Ante la comparecencia prematura de la parte recurrente estamos obligados a declararnos sin jurisdicción y desestimar el recurso presentado. Ahora bien, lo aquí resuelto en nada impide que la parte que así lo estime necesario, pueda presentar el recuro que estime pertinente de un dictamen que pueda ser revisable ante esta Curia.

---

[1] Al examinar el contenido nos percatamos que, el 11 de junio de 2025 la parte recurrida emitió una Resolución de archivo sobre permiso único.

[2] Secs. 4.2 y 4.6 de la LPAU, *supra;* Art. 4.002 de la Ley de la Judicatura, *supra;* y la Regla 56 del Reglamento del Tribunal de Apelaciones*, supra.*

### -IV-

Por los fundamentos antes expuestos, *desestimamos* el presente recurso por falta de jurisdicción, por prematuro.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones